**Josephine RICOTTA, Plaintiff,**

v.

**IBERIA LINEAS AEREAS DE ESPANA, Defendant.**

**No. 79 C 1928.**

United States District Court, E. D. New York.

Nov. 30, 1979.

Anthony J. Crecca and Myron G. Lasser, Staten Island, N. Y., for plaintiff Ricotta.

Aereas De Espana, Condon & Forsyth by Michael J. Holland, George N. Tompkins, Jr., New York City, for defendant Iberia Lineas.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendant, Iberia Lineas Aereas De Espana ("Iberia"), moves for summary judgment on the ground that the action is time barred by Article 29 of the Warsaw Convention ("Convention"). The issue presented to the court is whether the accident occurred while plaintiff was "disembarking" within the meaning of Article 17 of the Convention. If plaintiff was injured during the course of operations of disembarking, then the rights of the parties are governed by the provisions of the Warsaw Convention. The two year period of limitations contained in Article 27 of the Convention would therefore be applicable to the damage action and the failure to commence suit within the two year period perforce would extinguish plaintiff's remedy.

Plaintiff, Josephine Ricotta, was injured when she fell out of a bus which was to take the Iberia airline passengers from the airplane to the Malaga Airport Terminal. The action against defendant airlines was commenced on July 10, 1979, more than two years after the accident had occurred. The following material facts have been garnered from the pleadings, affidavits of Iberia personnel and the deposition of plaintiff.

On September 19, 1976, plaintiff, Josephine Ricotta arrived in Malaga, Spain from John F. Kennedy International Airport, New York. She lawfully and properly had been a passenger aboard an Iberia aircraft. The aircraft landed at Malaga Airport which had come to rest "at some distance from the airport terminal." The customary procedure provided by Iberia for incoming flights from the United States included the use of airport buses owned and operated by Iberia. Upon landing at Malaga Airport,

all passengers were directed by Iberia personnel to walk off the aircraft and to board an Iberia bus so as to be transported to the airport terminal. According to the affidavit of an Iberia employee, the passengers would then be directed by Iberia personnel to leave the bus and to proceed through Spanish immigration. Only after the passengers had completed the immigration procedures, were they permitted to retrieve their baggage and to proceed through Spanish customs. Once this latter requirement had been satisfied, passengers were able to enter the public areas of the airport.

Plaintiff conceded that she had been directed to board one such bus which was to take her to the airport terminal. After. plaintiff had positioned herself on the bus, plaintiff's friend realized that she had left a sweater aboard the plane. The friend then exited the bus. Plaintiff awaited the return of her friend near the doorway of the Iberia vehicle. Shortly thereafter the bus began to accelerate. As it turned, plaintiff fell off the bus on to the runway.

■ It is well established that on a motion for summary judgment, the moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Friedman v. Meyers*, 482 F.2d 435 (2d Cir. 1973). Yet an action to determine the precise meaning of the terms of the Warsaw Convention is to be treated by the court as a question of law and not as a triable issue of fact. *Block v. Compagnie Nationale Air France*, 386 F.2d 323 (5th Cir. 1967), *cert. denied*, 392 U.S. 905, 88 S.Ct. 2053, 20 L.Ed.2d 1363 (1968); *Evangelinos v. Trans World Airlines, Inc.*, 396 F.Supp. 95 (W.D. Pa.1975), *rev'd on other grounds*, 550 F.2d 152 (3d Cir. 1977). *See generally Strong v. United States*, 518 F.2d 556, 563, 207 Ct.Cl. 254 (1975); *Citizen Band of Potawatomi Indians v. United States*, 391 F.2d 614, 618, 179 Ct.Cl. 473 (1967), *cert. denied* 389 U.S. 1046, 88 S.Ct. 771, 19 L.Ed.2d 839 (1968). The scope of the Convention is a matter of federal law and federal treaty interpretation. *Husserl v. Swiss Air Transport Co., Ltd.*, 388 F.Supp. 1238 (S.D.N.Y.1975).

The rules laid down by the Convention compose an international code declaring the rights and liabilities of parties to contracts of international carriage by air. International transportation as governed by the Convention involves, *inter alia*, transportation where the place of departure and the place of destination are situated within the territories of two High Contracting Parties. *Mertens v. Flying Tiger Line, Inc.*, 341 F.2d 851 (2d Cir. 1965), *cert. denied* 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965). The parties do not dispute the fact that the Iberia flight number 1954 which plaintiff took from New York to Spain constituted international transportation within the meaning of the Convention. Specifically, both the Republic of Spain and the United States are parties to the Convention. 49 Stat. 3000 (1934).

■ An action which may be brought for damages under the Convention must be commenced within a two year time period. *Molitch v. Irish International Airlines*, 436 F.2d 42 (2d Cir. 1970). Article 29(1) of the Convention states:

> The right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

This article, being a treaty provision takes precedence over anything inconsistent in any state statute of limitations. *United States v. State of Washington*, 520 F.2d 676 (9th Cir. 1975), *cert. denied* 424 U.S. 978, 96 S.Ct. 1487, 47 L.Ed.2d 750 (1976). Thus, if this claim is governed by the Convention any right to damages must necessarily be extinguished by plaintiff's failure to commence an action within the two year period beginning on September 19, 1976.

■ Article 17 of the Convention provides:

> The carrier shall be liable for damage sustained in the event of the death or

wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

The sole dispute involved in this motion for summary judgment is whether plaintiff's injury is comprehended by Article 17. The court must therefore direct its attention to the scope of the phrase "operations of disembarking."

In interpreting the scope of Article 17 many circuits, including the Second Circuit have developed a tripartite test. *Evangelinos v. Trans World Airlines, Inc.*, 550 F.2d 152 (3d Cir. 1977); *Maugnie v. Compagnie Nationale Air France*, 549 F.2d 1256 (9th Cir. 1977), *cert. denied* 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977); *Day v. Trans World Airlines, Inc.*, 528 F.2d 31 (2d Cir. 1975), *cert. denied* 429 U.S. 890, 97 S.Ct. 246, 50 L.Ed.2d 172 (1976); *Husserl v. Swiss Air Transport Co.*, 388 F.Supp. 1238 (S.D.N.Y.1975). Specifically, a court should consider the location of the passengers, the nature of the passengers' activity and whether the passengers were under the control of the carrier at the time of the injury. *Day v. Trans World Airlines, Inc., supra.* Indeed, the Second Circuit has rejected a rigid location based rule in favor of an examination of the total circumstances surrounding a passenger's injuries in order to determine whether the accident occurred during the operations of disembarkation.

Here, plaintiff had descended from the plane, but she had neither reached a safe point inside the terminal nor left the control of Iberia personnel. The area where the incident occurred was not a public portion of the airport and only aircraft passengers, airline staff and airport ground personnel were permitted in the area. Further, the accident occurred immediately after plaintiff had descended the steps of the aircraft and prior to the time that she entered any common passenger area. Plaintiff had not proceeded through Spanish immigration or customs and had not located her baggage. She was not roaming at will but was within the control of Iberia personnel who were directing passengers to board airport buses owned and operated by Iberia. The buses were located near the plane and the terminal was some distance from the aircraft. Significantly, on the date of the accident, the Iberia bus driver completed an Iberia accident report in accordance with Iberia company policy. Under such factual circumstances, the court finds that plaintiff was in the course of disembarking as envisioned by Article 17.

■ The court's determination is further supported both by the French text and the purpose of the Convention. The binding meaning of the terms of the Convention is the French legal meaning. 49 Stat. 3000; *Block v. Compagnie Nationale Air France*, 386 F.2d 323 (5th Cir. 1967), *cert. denied*, 392 U.S. 905, 88 S.Ct. 2053, 20 L.Ed.2d 1363 (1968). The French word "operation" contained in the official version of the Convention connotes "a process of many acts" combined to achieve a result. Nouveau Petit Larousse (1950). Finally, the minutes of the Convention proceedings undermine any contention that the delegates wished to implement a narrow construction or a rigid rule in determining accident coverage pursuant to Article 17. Lowenfeld and Mendelsohn, *The United States and the Warsaw Convention*, 80 Harv.L.Rev. 497 (1967).

Accordingly, the Warsaw Convention is applicable to the accident in question. The claim is therefore barred by the two year time period of Article 29(1) and summary judgment is granted on behalf of the defendant.

So ordered.