**Charles KAPAR, Plaintiff,**

v.

**KUWAIT AIRWAYS CORPORATION, et al., Defendants.**

**Civ. A. No. 85–1304.**

United States District Court, District of Columbia.

July 8, 1987.

Roger C. Johnson, Koonz, McKenney & Johnson, Washington, D.C., for plaintiff.

Moffett B. Roller, Condon & Forsyth, Washington, D.C., for defendant Kuwait Airways Corp.

Charles R. McBrier, Jr., Galiher, Clarke & Galiher, Rockville, Md., for defendant Pan American World Airways.

Stephen A. Trimble, Patrick Kavanaugh, Hamilton & Hamilton, Washington, D.C., for defendant Middle East Airlines Airliban.

Bert W. Rein, James M. Johnstone, John C. Smith, Wiley, Rein & Fielding, Washington, D.C., for defendant Intern. Air Transport Ass'n.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

This action arises from an international airplane hijacking incident in December 1984, in which four Americans, including plaintiff, were held hostage for six days at the airport in Tehran, Iran. Two of the hostages were killed, and the other two, including this plaintiff, were tortured and beaten. Following his return to the United States, plaintiff brought suit here,[1] against Kuwait Airways Corporation (KAC) for negligence and willful misconduct. Motions to dismiss were filed by all the defendants. These motions raise issues of jurisdiction in various forms.

The action is controlled by the provisions of the Warsaw Convention which became effective as to the United States on October 29, 1934. 49 Stat. 3000 (1934), reprinted in 49 U.S.C. § 1502 note (1976).[2] As a treaty of the United States, the Convention is of course the supreme law of the land. U.S. Const. Art. VI, Cl. 2; *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985); *Trans World Airlines*

---

1. Other actions arising out of the same incident were brought in the Southern District of New York.

2. For a discussion of the Warsaw Convention, see *Franklin Mint Corp. v. Trans World Airlines, Inc.*, 690 F.2d 303 (2d Cir.1982), *aff'd,* 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984).

*v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984).

### I

Article 1 of the Convention provides that the Convention applies to "all international transportation of persons, baggage or goods, performed by aircraft for hire," a definition which brings the instant flight within the purview of the Convention. Article 28(1) establishes the fora in which actions for damages must be brought, as follows: (a) the domicile of the carrier; (b) the carrier's principal place of business; (c) the territory where the carrier has a place of business through which the contract of carriage has been made; or (d) the place of destination. It is the contention of the defendants that none of these fora is in the United States, and that the action must therefore be dismissed. The Court agrees.

Plaintiff has cited at one time or another all of the provisions of Article 28(1), but his primary reliance is on subsections (c) and (d) of that Article—the place of business through which the contract of carriage was made, and the place of destination.

■ With respect to subsection (c), plaintiff advances a rather complicated theory involving his status as a federal employee who was required to purchase his ticket through an American carrier by means of a government travel voucher; the purchase of his ticket from Pan American Airways; and the issuance of the ticket in Sanaa, Yemen on Pan American ticket stock by way of an electronic confirmation of the ticket issuance through Pan American's New York office. This theory does not support jurisdiction under the Warsaw Convention.

The contract of carriage was entered into in Yemen, and that fact is not altered by the procedure through which reservations were made through Pan American. Pan American owed no duty to plaintiff if only because it did not perform any part of the transportation covered by the contract of carriage which was handled entirely by Kuwait Airways Corporation. And whatever else may flow from the sequence of events through which the ticket was issued to plaintiff, it did not transform the United States into the place through which the contract of carriage was made.

■ As concerns the claim that the United States was the place of destination, it likewise lacks merit. It may certainly be assumed that plaintiff, an American citizen, would have returned eventually to the United States, but that was not his destination when the airplane was hijacked; his destination, as disclosed on the passenger ticket, was Karachi, Pakistan. *See Petrire v. Spantax, S.A.*, 756 F.2d 263 (2d Cir. 1985).

Two prior decisions are almost on all fours with the instant case. In the companion action to the instant lawsuit, filed in the District Court for the Southern District of New York, the decedents purchased tickets with government travel vouchers from a travel agent in Karachi for travel through various points, including Yemen, and for return to Karachi. The original tickets had been issued on Northwest Airlines ticket stock, and they were later exchanged for tickets issued on Pan American stock. The decedents' actual flight took place on an aircraft operated by Kuwait Airways Corporation.

On motions to dismiss on Warsaw Convention grounds, the court held, *inter alia,* that Kuwait Airways Corporation is domiciled in Kuwait; that the airline's principal place of business is in Kuwait; that the carrier's place of business through which the contract was made was Yemen, where the airline tickets were purchased and issued (not the United States, where Northwest Airlines and Pan American were domiciled); and that the place of destination was the destination stated on the ticket—Karachi, Pakistan. *See Petrire v. Spantax, S.A., supra.*

*Smith v. Canadian Pacific Airways, Ltd.*, 452 F.2d 798 (2d Cir.1971), involved a claim for personal injuries suffered by a passenger on a Canadian Pacific aircraft on a flight from Vancouver, Canada to Tokyo, Japan. Suit was brought in the District Court for the Southern District of New York but dismissed on Warsaw Convention

grounds. With respect to the issues here involved, the Court of Appeals stated:

Article 28(1) also provides for suit "before the court at the place of destination," a location that is clearly inapplicable to this case. The flight on which appellee was allegedly injured originated in Canada and was bound for Japan, which would be the only proper location for a suit under this provision of Article 28(1).

Finally, we come to appellee's assertion that the Article 28(1) provision for suit where the carrier "has a place of business through which the contract has been made" is sufficient to allow suit in the United States. We disagree and conclude that appellee's reliance on *Eck*, [360 F.2d 804 (2d Cir.1966)], *supra*, in this respect is misplaced.

In *Eck*, the ticket for an international flight was purchased in Oakland, California, for a Switzerland-Sudanese Republic trip. Relying on the purchase of the ticket at a site *within* the United States, through an agency of the carrier, *plus* the existence of a regular ticketing and booking office within the United States, this court concluded that Article 28(1) was satisfied. 360 F.2d at 814–815. *Eck* quite clearly did not hold that suit in the United States would be proper where the ticket was purchased outside the United States and no United States contacts, including but not limited to interline or intraline ticketing arrangements, existed beyond the presence of a ticketing and booking office of the carrier-defendant ... Appellant does have a place of business in the United States, but, since the ticket was purchased in Vancouver, and there appear to have been no arrangements whatsoever between Vancouver and the United States office for ticketing or booking, no reading of the facts in this case can yield the conclusion that the

United States was the place "through which the contract has been made." Every phase of the activity involved in this case occurred outside the United States, a fact that places appellee outside the boundaries of Article 28(1).[3]

*Smith v. Canadian Pacific Airways, Ltd.,* *supra*, 452 F.2d at 802–03 (footnote omitted).[4]

## II

■■■ Pan American World Airways (Pan Am), the International Air Transport Association (IATA), and the Middle East Airlines Airliban (Mid-East) were also joined as defendants. However, under Article VII of the IATA Interline Traffic Agreement (Passenger) the issuing carrier (Pan American) acts only as the agent of the transporting carrier, and as such it is entitled to the Kuwait airlines defense under the Warsaw Convention, including the jurisdictional requirement of Article 28(1) and the exclusivity of a Warsaw remedy. The action against IATA is based on its alleged negligence in failing to warn plaintiff that the security procedures being used by Kuwait Airways and Mid-East were inadequate; and that against Mid-East on its alleged negligence in permitting terrorists to use its aircraft on a flight from Beirut, Lebanon to Dubai, U.A.E., where they boarded the Kuwait Airways flight. However, the United States clearly does not qualify as a forum under Article 28(1) of the Warsaw Convention with respect to either claim.

■■■ Finally, there is no basis for jurisdiction over Mid-East under the District of Columbia long arm statute, D.C.Code § 13–423, since plaintiff's claims do not arise out of that defendant's activities in the District, or under D.C.Code § 13–334 since the defendant has had neither an office nor personnel in the District since 1984.

---

**3.** To be sure, in the instant case there may have been some contact with the United States: Pan American's principal computer in New York was apparently used in the course of the ticketing procedure to contact the Kuwait Airways Corporation computer in New York. However, this Court is of the view that this slight, and

remote, involvement of the United States does not suffice to support jurisdiction in this country under the Warsaw Convention.

**4.** *See also In re Korean Air Lines Disaster of September 1, 1983,* 103 F.R.D. 357 (D.D.C.1984) (Robinson, C.J.)

Plaintiff also relies on the admiralty jurisdiction of the federal courts, but that claim, too, is unavailing where the United States is not an appropriate forum under the Warsaw Convention, whatever may be the substantive theory advanced by plaintiff. *See Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir.1978).

For the reasons stated, the defendants' motions to dismiss will be granted.