PER CURIAM.
This litigation involves claims brought on behalf of passengers who died in the crash of a commercial charter flight which hit the top of a mountain, while attempting to land in the Azores, Portugal. The defendant, I.A.L. was the owner of the aircraft which crashed. The defendant, Independent Air, a Georgia corporation was the operator of the aircraft, having leased it from I.A.L. Neither defendant had contractual relationships with the passengers, the contracting company was Aerolineas Dominicanas, SA, a Dominican corporation. The parties agree that the passengers aboard Flight # 1851 were engaged in “international transportation” as defined by the Warsaw Convention. The defendants/appellants argued that the plaintiffs claims against them were subject to the Warsaw Convention because it applies to transportation performed by aircraft for hire.
The trial court entered a non-final order for partial summary judgment on the issue of liability finding that Independent Air Inc. was negligent; that the Warsaw Convention does not govern the plaintiffs’ claims; and that the defendants are not entitled to the status as “carrier” under the Warsaw Convention and cannot avail themselves of the Convention’s caps on damages. This appeal follows.
Error is alleged in the trial court’s rulings on the issue of negligence and applicability of the Warsaw Convention’s limitation of liability.
Upon review of the record herein we find no error in the trial court’s determination of negligence. See In Re Air Crash at Dallas/Fort Worth Airport on August 2, 1985, 720 F.Supp. 1258 (N.D.Tex.1989), affirmed, 919 F.2d 1079 (5th Cir.1991). Texas Gulf, Inc. v. Colt Electronics Co., Inc., 615 F.Supp. 648 (S.D.N.Y.1984); In Re Air Crash Disaster at Boston, Massachusetts, July 31, 1973), 412 F.Supp. 959 (D.Mass.1976), aff'd sub nom; Delta Airlines v. United States, 561 F.2d 381 (1st Cir.1977); Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3d Cir.1968). The undisputed facts show that the pilot and crew flew the plane below an altitude of 3,000 feet, when their charts of the area clearly showed that it was dangerous to go below 3,000 feet because of the mountain. The pilot in command cannot excuse his act by alleging the air traffic controller directed him to descend to an altitude of 2,000 feet and gave him an incorrect altimeter setting. In descending below the safe indicated altitude, he knowingly placed the plane in a dangerous situation. He then proceeded to fly into the top of the mountain that he knew was there. What is at issue here is the legal conclusion to be drawn from these facts. The legal effect of the evidence is a question of law that can be determined by a summary judgment. See Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla.1984); Shaffran v. Holness, 93 So.2d 94 (Fla.1957). Therefore, we affirm the summary judgment as to negligence.
Turning to the question of applicability of the limitations on liability contained in the Warsaw Convention, we find that the trial court erred, when, as in the instant case, all parties agreed that the flight in question did constitute international transportation as defined by the Warsaw *5 Convention.[1] In light of the facts of the case sub judice, which show Independent Air was the company which actually operated the flight in question, it should be considered a carrier under the intent of the Warsaw Convention. See Reed v. Wiser, 555 F.2d 1079 (2nd Cir.1977); Kapar v. Kuwait Airways Corporation, 663 F.Supp. 1065 (D.D.C.1987); Julius Young Jewelry Mfg. Co. v. Delta Airlines, 67 A.D.2d 148, 414 N.Y.S.2d 528 (1st Dept. 1979). To hold otherwise, and failing to give effect to the cap on damages contained in the Warsaw Convention, frustrates the intent of the participants at the Convention. This we will not do. As a result we must hold the trial court erred in finding the defendants could not avail themselves of the Convention’s caps on damages and reverse that portion of the judgment appealed.
Affirmed in part, reversed in part.

. Page 4 in appellant's brief:
"Thus, in the plaintiffs' motion for summary judgment, we reminded the court that even in opposing the removal to federal court, ‘we have always acknowledged that because the flight in question was an international flight, the plaintiffs’ Florida action is subject to any applicable limitations prescribed by the Warsaw Convention.' "
Plaintiffs, Appellant’s motion for summary judgment — plaintiffs, appellant’s appendix, tab E at 6-7
******
“All parties to this action agree that the flight in question did constitute 'international transportation’ under Article (1) of the Warsaw Convention, because it was to-and-from Warsaw signatories, and thus that the instant action is subject to all applicable requirements of the Warsaw Convention.” _