Christel Gisela SOPCAK,
et al., Plaintiffs,

v.

NORTHERN MOUNTAIN HELICOPTER SERVICES, Defendant.

No. J92–003 Civil.

United States District Court,
D. Alaska,
Juneau Division.

Nov. 30, 1992.

Deborah A. Holbrook, Juneau, AK, Gerald C. Sterns and Dennis R. Lods of Sterns, Walker & Lods, San Francisco, CA, for plaintiffs.

Gregory W. Lessmeier of Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, AK, Edward C. DeVivo of Katten, Muchin, Zavis & Dumbroff, New York City, for defendant.

### MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

### I. INTRODUCTION.

This cause comes before the court on motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), filed September 22, 1992 (Docket No. 22), by defendant Northern Mountain Helicopter. District court jurisdiction was alleged under Article 28(1) of the Warsaw Convention[1] and under 28 U.S.C. § 1331. For the reasons stated below, defendant's motion is granted.

1. Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876,

### II. BACKGROUND.

This case arose as a result of a helicopter crash on or about February 7, 1990 in which six men were killed and two men were injured. The helicopter, owned and operated by defendant Northern Mountain Helicopter, was enroute from Johnny Mountain Mine, a gold mine located in British Columbia, Canada, to Wrangell, Alaska, U.S.A. Aboard the helicopter were employees of the Skyline Gold Corporation, all of whom were returning to their homes in Vancouver, British Columbia after a week on the job. Once in Wrangell the employees were to board a Convair, a fixed-winged craft, owned and operated by Canada West Air to transport them the remainder of the way to Vancouver. The Convair was scheduled to bring a new shift of employees to Wrangell from Vancouver. The new shift of employees was to be transported from Wrangell to the mine site in British Columbia by Northern Mountain Helicopter. The employer, Skyline Gold Corporation, made the necessary travel arrangements for its employees. Plaintiffs, Canadian citizens, brought suit in this court against Northern Mountain Helicopter alleging strict liability, wrongful death, personal injury and a survival action pursuant to the Warsaw Convention.

### III. DISCUSSION.

Defendant seeks dismissal of plaintiffs' complaint, alleging lack of subject matter jurisdiction under Article 28 of the Warsaw Convention. Article 28 states in part that:

> An action for damages must be brought ... in the territory of one of the High Contracting Parties either before the court of the domicile of the carrier or of his principal place of business, or [the] place of business through which the contract has been made, or before the court at the place of destination.

The above Article sets forth four delineated forums as the only places in which suit may be brought. The parties agree that the operative forum in determining whether this

137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 1502 (1976).

court has jurisdiction under Article 28 turns on an interpretation of the fourth forum, that of the place of destination.

Article 1(2) of the Convention defines international transportation as:

> any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

 Where a trip consists of several parts, it is the ultimate destination that is accorded treaty jurisdiction. *Gayda v. LOT Polish Airlines,* 702 F.2d 424, 425 (2d Cir. 1983); *Vergara v. Aeroflot "Soviet Airlines",* 390 F.Supp. 1266, 1269 (D. Nebraska 1975). For the purposes of the Convention, "destination" is "determined by reference to the intent of the parties." *In re Alleged Food Poisoning Incident, March, 1984,* 770 F.2d 3, 5 (2d Cir.1985). The passenger ticket is not the contract of carriage. Rather the contract is determined by that to which the parties consented. *Boyar v. Korean Air Lines,* 664 F.Supp. 1481, 1485 (D.D.C.1987).

 Defendant submits that the place of destination was Vancouver, British Columbia. Defendant argues that the fact that there were different segments to the miners' journey from the worksite to their homes in Vancouver, even where carried out by separate carriers, does not alter the ultimate destination of the flight. The miners' contract of carriage, defendant maintains, was a clear agreement to be flown by successive carriers from the mine to Vancouver. Because the ultimate destination of plaintiffs was not in the United States and because none of the places specified in Article 28 is in the United States of America, defendant concludes that this court lacks subject matter jurisdiction.

Plaintiffs place emphasis on the charter agreement between Skyline and Northern Mountain Helicopter. Plaintiffs contend that the place of destination for that contract of carriage was Wrangell, Alaska and that a separate contract of carriage between Skyline and Canada West Air governed the segment of transportation from Wrangell to Vancouver. Plaintiffs submit that the first contract of carriage contemplated a destination within the United States and thus Wrangell is the flight destination for purposes of Article 28.

 Plaintiffs' interpretation ignores the logic that it was Vancouver that was the ultimate destination of the employees, regardless of the fact that successive carriers were utilized. It is not argued by plaintiffs that the contemplated continuity of travel was anything but transportation from the work site to the home site. The workers were enroute to their home base. There can be only one destination. *In re Alleged Food Poisoning Incident, March, 1984,* 770 F.2d at 6. It is the destination and not an agreed stopping place that controls for purposes of Convention jurisdiction. *Id.* The stop at Wrangell, Alaska was an agreed stopping place for the purposes of switching carriers and shifts of employees. It was not the destination of any of the employees involved. The ultimate destination was Vancouver, British Columbia. Therefore, pursuant to the terms of the Convention, this court does not have jurisdiction over this case. Further, if treaty jurisdiction does not lie, federal jurisdiction under 28 U.S.C. § 1331, which permits cases arising under United States treaties, cannot be established. *Smith v. Canadian Pacific Airways, Ltd.,* 452 F.2d 798, 802 (2d Cir.1971).

## IV. ORDER.

Accordingly, IT IS ORDERED THAT defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and the case is dismissed as to all parties in its entirety.