■ MARY ELIZABETH LYONS et al., Appellants, v AMERICAN TRANS AIR, INC., et al., Respondents, et al., Defendant. [647 NYS2d 845] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated November 1, 1995, which granted the motions of the defendants American Trans Air, Inc., and Sceptre Tours & Charter, Inc. to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Mary Elizabeth Lyons (hereinafter Lyons) seeks damages from the defendants American Trans Air, Inc. (hereinafter ATA), and Sceptre Tours & Charter, Inc. (hereinafter Sceptre), for injuries allegedly sustained when she slipped and

fell in the International Arrivals Building at Kennedy Airport. In their complaint, filed approximately two years and eight months after the incident, the plaintiffs allege that at the time Lyons fell, she had just exited an ATA plane and was being guided through a corridor toward customs by ATA and Sceptre personnel.

Sceptre answered the complaint. Thereafter, ATA moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the two-year Statute of Limitations contained in the Convention for Unification of Certain Rules Relating to International Transportation by Air, commonly known as the Warsaw Convention (49 US Stat 3000). Sceptre then amended its answer as of right to assert a Statute of Limitations defense and also moved for the same relief. The Supreme Court granted the defendants' motions. We affirm.

Based upon the allegations of the complaint, ATA and Sceptre are "carriers" within the meaning of the Warsaw Convention (see, Lear v New York Helicopter Corp., 190 AD2d 7, 12-13; Young Jewelry Mfg. Co. v Delta Air Lines, 67 AD2d 148; Baker v Lansdell Protective Agency, 590 F Supp 165). Further, the plaintiffs specifically allege in their complaint that when Lyons fell, she had just deplaned and was walking down a corridor under the control and supervision of ATA and Sceptre agents or employees. Lyons was not free to move about the terminal, nor was she in a common public area. Rather, she was being escorted by airline personnel to customs, a necessary step in the disembarking process. It is therefore clear that, since the injury occurred "in the course of * * * the operations of * * * disembarking" from an international flight, the Warsaw Convention governs the claims (see, Warsaw Convention, art 17 [49 US Stat 3000, 3018]; Day v Trans World Airlines, 528 F2d 31, cert denied 429 US 890; Ricotta v Iberia Lineas Aereas De Espana, 482 F Supp 497, affd 633 F2d 206). Because the plaintiffs did not commence this action within two years of the incident, the complaint is time barred (Warsaw Convention, art 29 [1] [49 US Stat 3000, 3021]).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.