Christel Gisela SOPCAK; Estate of Milan Sopcak, by and through its administratrix, Christel Gisela Sopcak; Sarah June Maryska, a minor, by and through her guardian ad litem, Wendy June McMurchy; Libuse Mloch; Estate of Lutz Jaralav Maryska, by and through its administratrix, Wendy June McMurchy; Lajos Gal; Doreen P. Hubacek; Jiri Hubacek; Roslyn Change; and Estate of Eric R. Budgell, by and through its administratrix, Doreen P. Hubacek, Appellants/Cross–Appellees,

v.

NORTHERN MOUNTAIN HELICOPTER SERVICES, Appellee/Cross–Appellant.

Nos. S–5914, S–5934.

Supreme Court of Alaska.

Oct. 11, 1996.

Dennis R. Lods, Sterns, Walker & Lods, San Francisco, CA, and Deborah Holbrook, Juneau, for Appellants/Cross–Appellees.

Edward C. De Vivo, Dombroff & Gilmore, New York City, and Gregory W. Lessmeier, Lessmeier & Winters, Juneau, for Appellee/Cross–Appellant Northern Mountain Helicopter Services.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

The superior court dismissed the wrongful death and personal injury claims of Christel Gisela Sopcak, and others (collectively, Sopcak) against Northern Mountain Helicopter Services, finding that it lacked subject matter jurisdiction over those claims. Sopcak appeals, arguing that the superior court improperly applied the doctrine of collateral estoppel and that jurisdiction was proper under the Convention for Unification of Certain Rules Relating to International Transportation by Air, *opened for signature* Oct. 12, 1929, 49 Stat. 3000, T.S. 876, *reprinted at* 49 U.S.C. § 40105 note (1994) (hereinafter "Warsaw Convention"). Northern Mountain cross-appeals, arguing that the superior court erred by not applying Canadian law and by failing to dismiss the case under the doctrine of forum non conveniens. We affirm the superior court's decision to dismiss the case for lack of subject matter jurisdiction.

## II. FACTS AND PROCEEDINGS

On February 7, 1990, a helicopter carrying miners from the Johnny Mountain gold mine in British Columbia, Canada, crashed in Alaska near Shakes Glacier on the frozen Stikine River. The helicopter was being operated by Northern Mountain, a Canadian corporation. The pilot and one passenger suffered serious injuries. The remaining five passengers and the flight engineer were killed.

The helicopter was en route from the Johnny Mountain gold mine to Wrangell, Alaska. The passengers were scheduled to board a fixed-wing aircraft in Wrangell for transport to Vancouver, British Columbia. These operations were part of a routine crew change, shuttling miners back and forth between Vancouver and the Johnny Mountain mine. When inclement weather prevented fixed-wing aircraft from landing at the mine, the miners used helicopters to fly to Wrangell where they would board a flight to Vancouver. The mine operator, Skyline Gold Corporation, chartered helicopters from Northern Mountain to provide this and other services.

In 1990 and 1991 the surviving passenger and the representatives of several of the deceased passengers filed personal injury and wrongful death suits against Northern Mountain in the Alaska Superior Court. The suits were consolidated.

In February 1992 the Sopcak parties filed a complaint against Northern Mountain in the U.S. District Court for the District of Alaska. In November 1992 that court granted Northern Mountain's motion to dismiss the federal case for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Servs.*, 859 F.Supp. 1270 (D.Alaska 1992). The court held that under Article 28 of the Warsaw Convention, to which the United States is a signatory, Alaska was not an available forum. *Id.* at 1272. Article 28 only allows subject matter jurisdiction in the United States if the United States is the domicile of the carrier, the carrier's principal place of business, the place of business through which the contract has been made,

or the place of destination of the flight. *Id.* at 1271–72. The district court found that the flight destination was Vancouver, Canada, not Wrangell, Alaska, and that none of the other prerequisites listed in Article 28 was met; it consequently concluded that it lacked subject matter jurisdiction. *Id.*

Sopcak appealed this decision to the U.S. Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed. *Sopcak v. Northern Mountain Helicopter Serv.,* 52 F.3d 817 (9th Cir.1995). It held that "the intention of the parties as expressed in the contract of transportation, i.e., the ticket or other instrument, determines the final destination. Such contracts should be interpreted according to the objective, rather than the subjective, intent of the parties." *Id.* at 819.

The Ninth Circuit went on to affirm the district court's dismissal because the contracts of transportation between Skyline and Northern Mountain were not in the record. *Id.* It rejected Sopcak's argument that the district court had erred by not allowing Sopcak to conduct the necessary discovery to obtain those contracts, stating that "the Appellants failed to conduct discovery during the nine-month period between the filing of their complaint and the court's dismissal order. Therefore, Appellants can not now complain that the court erred by not allowing them to conduct eleventh-hour discovery upon an adverse ruling." *Id.* (citation omitted).

After the district court issued its decision, but before Sopcak's federal appeal was decided, Northern Mountain moved to dismiss Sopcak's state court lawsuit. The superior court granted the motion in May 1993, holding that under the doctrine of collateral estoppel Alaska lacked subject matter jurisdiction over Sopcak's case. Sopcak timely filed the appeal now before us.[1]

After the Ninth Circuit issued its decision, and during the pendency of the state court appeal, Sopcak filed a Civil Rule 60(b) motion

in the superior court requesting reinstatement of the state court suit. The superior court denied the motion, finding that "regardless of the reasoning, the Court of Appeals affirmed the federal court dismissal of the case."

## III. DISCUSSION

### A. Standard of Review

■ "The applicability of collateral estoppel to a particular set of facts is a question of law subject to independent review." *State v. United Cook Inlet Drift Ass'n,* 895 P.2d 947, 950 (Alaska 1995) (citing *Rapoport v. Tesoro Alaska Petroleum Co.,* 794 P.2d 949, 951 (Alaska 1990)). "[W]e will adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *United Cook Inlet Drift Ass'n,* 895 P.2d at 950 (citing *Ford v. Municipality of Anchorage,* 813 P.2d 654, 655 (Alaska 1991)).

### B. Collateral Estoppel and Subject Matter Jurisdiction under Article 28 of the Warsaw Convention

■ Collateral estoppel precludes relitigation of a previously determined issue where the first action is brought in a federal court and a second action is brought in state court. *Campion v. State, Dep't of Community and Regional Affairs,* 876 P.2d 1096, 1098 (Alaska 1994). The federal court rendered its decision before Sopcak's state court lawsuit concluded. "The Restatement (Second) of Judgments states that, in such cases 'the Full Faith and Credit Clause or the Supremacy Clause of the United States Constitution, or federal statutes or rules of decision, may require that preclusive effect be given to the first decision.'" *Id.* (quoting Restatement (Second) of Judgments § 28 cmt. e (1982)). These considerations are even weightier when, as here, the matter in question is one of federal law. *See Ricotta v. Iberia Lineas Aereas De Espana,* 482 F.Supp. 497, 499 (E.D.N.Y.1979) ("The scope of the [Warsaw]

---

1. Northern Mountain had twice previously moved to dismiss Sopcak's state court claims. In its cross-appeal, Northern Mountain challenges the superior court's refusal to dismiss the case, arguing that British Columbia law precludes Sopcak from stating a claim. In the alternative Northern Mountain contends that the case should be dismissed under the doctrine of forum non conveniens. Because we affirm the superior court's dismissal for lack of subject matter jurisdiction, we do not reach the issues raised in Northern Mountain's cross-appeal.

Convention is a matter of federal law and federal treaty interpretation."), *aff'd,* 633 F.2d 206 (2d Cir.1980).

■ We have applied collateral estoppel to jurisdictional issues. *E.g., Campion,* 876 P.2d at 1101 (applying collateral estoppel to find absence of personal jurisdiction in Alaska). Collateral estoppel requires the following:

1. The plea of collateral estoppel must be asserted against a party or one in privity with a party to the first action;
2. The issue to be precluded from relitigation by operation of the doctrine must be identical to that decided in the first action;
3. The issue in the first action must have been resolved by a final judgment on the merits.

*Id.* at 1098–99 (citation omitted). There is no dispute that the parties in this case are identical to those in the previously decided prior federal lawsuit.

### 1. *Issue given preclusive effect*

Sopcak argues that the issue of subject matter jurisdiction in federal court is different from that in the state superior court and that collateral estoppel therefore cannot be applied. We disagree.

■ The Warsaw Convention is a multilateral treaty, ratified by the U.S. Congress in 1934, intended to make uniform and establish limits upon the potential liability of international air carriers. *In re Korean Air Lines Disaster on Sept. 1, 1983,* 814 F.Supp. 592, 596 (E.D.Mich.1993); *see generally* Andreas F. Lowenfeld & Allen I. Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv.L.Rev. 497, 498–99 (1967). The Convention "constitutes the supreme law of the land in the matters upon which it touches." *In re Korean Air Lines Disaster,* 814 F.Supp. at 596. As both parties recognize, the flight giving rise to this litigation falls under the Convention. *See Warsaw Convention* art. 1(1)–(2).

■ Article 28 of the Warsaw Convention specifies four locations where a suit can be brought. Article 28's restrictions are jurisdictional in nature. *See Gayda v. LOT Polish Airlines,* 702 F.2d 424, 425 (2d Cir.1983) ("Because Article 28 speaks to subject matter jurisdiction, it operates as an absolute bar to federal jurisdiction in cases falling outside its terms." (citations omitted)).

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

Warsaw Convention art. 28(1). Unless the United States is the domicile or principal place of business of the carrier, the site of contracting, or the place of destination, U.S. courts lack subject matter jurisdiction. *See Mertens v. Flying Tiger Line, Inc.,* 341 F.2d 851, 855 (2d Cir.) (discussing jurisdictional requirements of Article 28), *cert. denied,* 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965).

■ Both federal and state jurisdiction are limited by Article 28. As a federal treaty, the Warsaw Convention has the force of federal law and preempts inconsistent state law. *See In re Air Disaster Near Honolulu, Hawaii on Feb. 24, 1989,* 792 F.Supp. 1541, 1548–49 (N.D.Cal.1990) (holding that the Warsaw Convention preempts conflicting local law); *Floyd v. Eastern Airlines, Inc.,* 872 F.2d 1462, 1480 (11th Cir.1989) ("Any state law in conflict with a treaty of the United States is invalid. Therefore the Warsaw Convention preempts any state law which is inconsistent with it." (citations omitted)), *rev'd on other grounds* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991); *Ricotta,* 482 F.Supp. at 499 (holding that the Warsaw Convention's statute of limitations "being a treaty provision takes precedence over anything inconsistent in the state statute of limitations." (citations omitted)).

■ Therefore, while Sopcak correctly points out that state courts may have broader jurisdiction than their federal counterparts, in this case Article 28 applies to divest both state and federal courts of subject matter jurisdiction where the United States is not one of the four specified fora. *See Adesi-*

*na v. Swissair,* 143 Misc.2d 406, 544 N.Y.S.2d 409, 410 (App.Term.1988) (giving preclusive effect to federal determination of no subject matter jurisdiction in *Adesina v. Swissair,* 648 F.Supp. 997, 998 (E.D.N.Y.1986)). Alaska can only assert jurisdiction if Article 28 can be satisfied.

This issue has been decided. *Sopcak,* 52 F.3d at 819. The federal courts determined that the place of destination was Vancouver, British Columbia, not Wrangell, Alaska, and that Article 28(1) prevented jurisdiction from lying in the United States. 859 F.Supp. at 1272, 52 F.3d at 819. Given this fact, Alaska lacks subject matter jurisdiction. The issue being precluded is identical to that resolved in the previous decision.

### 2. Final judgment on the merits

■ Sopcak additionally argues that the federal decision was not a final judgment on the merits. Sopcak argues that this is so because the Ninth Circuit's reasoning differed from that of the district court. According to the Restatement (Second) of Judgments § 27, cmt. d (1982), however,

> [w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section.... A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.

The Ninth Circuit based its decision on Sopcak's failure of proof. *Sopcak,* 52 F.3d at 819. As such, its ruling constitutes a final decision on the merits for the purposes of collateral estoppel. *See Nichols & Co. v. United States,* 66 C.C.P.A. 28, 586 F.2d 826, 829 (C.C.P.A.1978) (applying collateral estoppel where in prior decision appellate court affirmed decision below on alternative grounds, based upon a failure of proof).

As reflected in the Ninth Circuit's decision, Sopcak raised the issue of whether the United States was the final destination and had a full and fair opportunity to litigate that issue.[2] 52 F.3d at 819. While the Ninth Circuit may have applied a standard different from that employed by the federal district court, it followed long-established federal precedent. *See, e.g., Petrire v. Spantax,* 756 F.2d 263, 265 (2d Cir.), *cert. denied,* 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985); *Swaminathan v. Swiss Air Transp. Co.,* 962 F.2d 387, 389 (5th Cir.1992); *Lee v. China Airlines Ltd.,* 669 F.Supp. 979, 981 (C.D.Cal. 1987); *Kapar v. Kuwait Airways Corp.,* 663 F.Supp. 1065, 1067 (D.D.C.1987), *rev'd in part on other grounds,* 845 F.2d 1100 (D.C.Cir.1988). Sopcak could therefore reasonably be expected to have anticipated the necessity of discovery of the contracts of carriage in opposing Northern Mountain's federal motion to dismiss, even before the Ninth Circuit addressed the issue.[3]

While we have stated that in an extreme case "the lack of an opportunity to fully and fairly litigate an issue might preclude the application of collateral estoppel," *Rapoport,* 794 P.2d at 952 (citing *Murray v. Feight,* 741 P.2d 1148, 1153–56 (Alaska 1987)), we find no reason to refuse to apply collateral estoppel here. Nor has there been "an intervening change in the applicable legal context or

---

**2.** The Ninth Circuit noted:

Four months after [Sopcak et al.] filed their complaint, [Northern Mountain] raised the jurisdictional issue. An additional two months passed before [Northern Mountain] filed a motion to dismiss for lack of subject matter jurisdiction. Nearly two months later, rather than moving for an extension of time to oppose the dismissal motion, [Sopcak] filed an opposition which stated in part: "[h]owever, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery."

52 F.3d at 819 (last alteration in original).

**3.** Indeed, Sopcak's memorandum opposing dismissal in the district court cited cases from the Second Circuit for the proposition that "[a] long line of cases supports determination of the place of destination by the contract of carriage."

Moreover, Sopcak's Reply Brief asserts that as of May 1993 Sopcak had, through state court discovery practice, obtained evidence that no contract of carriage existed between Northern Mountain and Skyline Gold Corporation. This evidence would have inferentially supported Sopcak's claim that Wrangell, rather than Vancouver, was the place of destination. Nonetheless Sopcak did not attempt to use that information in a Rule 60(b) motion in the district court or in a request to the Ninth Circuit to remand to allow a Rule 60(b) motion.

otherwise" requiring a new determination. Restatement (Second) of Judgments § 28 (1982) (discussing exceptions to issue preclusion). *See also State v. Baker*, 393 P.2d 893, 900–01 & n. 35 (Alaska 1964) (discussing analogous exception stated in Restatement of Judgments § 70 (1942)).

The federal litigation ended in entry of judgment on the merits. The decision of the Ninth Circuit is entitled to full faith and credit in our courts. We hold that Alaska lacks subject matter jurisdiction over Sopcak's claims. We consequently do not reach the issues raised in Northern Mountain's cross-appeal.[4]

## IV. CONCLUSION

We AFFIRM the superior court decision dismissing Sopcak's claims for lack of subject matter jurisdiction.

---

4. Sopcak also contends that collateral estoppel should not apply because the federal decision was incorrect. We reject that argument. As we have previously held,

[t]o disregard an out-of-state judgment based on the conclusion that the sister state court was incorrect would eviscerate all meaning from the full faith and credit clause and the doctrine of collateral estoppel, at least where

the out-of-state judgment is not clearly in error. To hold otherwise would require a court to address the merits of the underlying dispute when deciding the threshold issue of whether collateral estoppel applies, thereby defeating the very purpose of the doctrine.

*Campion v. State, Dep't of Community and Regional Affairs*, 876 P.2d 1096, 1100–01 (Alaska 1994).