[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff, Thelma Stewart, brought this action against the defendants, Air Jamaica Holdings Limited and Air Jamaica Holdings, to recover damages for personal injuries allegedly sustained on board an aircraft which is claimed to have flown through considerable turbulence and then dropped suddenly, without warning. The defendants have moved to dismiss the complaint, asserting a number of deficiencies in the matter as presented, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. The plaintiff argues that the court should not consider the defendants' motion to dismiss, as it was untimely and improperly filed. The court finds the issues of subject matter jurisdiction in favor of the plaintiff. The court finds the issues of timeliness and personal jurisdiction in favor of the defendants, and accordingly grants the defendants' motion to dismiss.[1]
 I TIMELINESS
The court first addresses the plaintiff's claims of untimeliness, as raised with respect to the filing of the defendants' motion to dismiss and its attendant memorandum of law.[2] Practice Book §10-30 is applicable, and provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after filing an appearance, but must do by filing a motion to dismiss within thirty days of the filing of an appearance." The rules of practice further provide that the motion to dismiss "shall always be filed with a supporting memorandum of law. . . ." Practice Book §10-31(a); see also Practice Book § 11-10.
On this issue, the history of the case is instructive. As reflected in the record, the defendants' appearance was filed on September 2, 1999. On September 30, 1999, the defendants filed the pending motion to dismiss, with the several grounds enumerated (# 103). That motion was accompanied by the defendants' request for a thirty-day extension of time, until October 31, 1999, to file a supporting memorandum of law (# 102). The plaintiff did not object to the request for an extension of time. Despite the October 31, 1999 deadline, however, the defendants' memorandum of law was not filed at court until CT Page 5288 November 5, 1999 (# 105). At that time, the plaintiff did not raise any objection to the late filing.[3] Thereafter, on December 6, 1999, the plaintiff specifically requested her own thirty-day extension of time to file a memorandum of law in objection to the motion to dismiss (# 106). On January 5, 2000, however, instead of filing a memorandum, the plaintiff filed an amended complaint (# 108). On January 31, 2000, the defendants filed a supplemental memorandum, noting the plaintiff's failure to file a memorandum in objection to the pending motion, and reiterating the grounds for dismissal (# 109). On February 28, 2000, the plaintiff filed a memorandum in objection to the motion to dismiss (#111). Oral argument was heard on April 10, 2000, whereupon the plaintiff asserted the argument that the defendants' motion and supporting memorandum of law were untimely filed.[4]
The court notes that the motion to dismiss itself was filed within thirty days of the defendants' appearance, as is required by Practice Book § 10-30. The defendants' request for an extension of time to file their memorandum of law was also filed within this thirty day time period, which expired prior to the submission of the memorandum at issue. The plaintiff's untimeliness argument therefore is apparently derived from the fact that the defendants' memorandum was filed five days beyond the requested date of extension. Thus, the issue before the court is whether this delay constitutes a failure to comply with Practice Book §§ 10-31 and 11-10 that serves as sufficient cause to deny the defendants' motion to dismiss.
Other courts have addressed the issue of whether a dispositive motion will fail if it is not accompanied by the requisite memorandum of law. There is authority for the general proposition, promoted by the plaintiff, that "[t]he requirement of simultaneously filing and serving a supporting memorandum of law with the motion . . . as not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as to the court." ExecutiveRental Leasing, Inc. v. Gershuny, McGettigan, Cameron Agency, Inc.,36 Conn. Sup. 567, 420 A.2d 1171 (App. Sess. 1980); see also Porterv. Somers, Superior Court, judicial district of Middletown, Docket No. 64857 (June 22, 1992, Austin, J.) (6 Conn.L.Rptr. 547). These cases are based on the rationale that "[a] memorandum of law setting forth the movant's legal claims is essential for the opposing party to evaluate fully and respond legally. to these claims of law for the ultimate judgment of the court. Without such a memorandum of law the opposing party is unable effectively to rebut the legal claims upon CT Page 5289 which the movant bases his motion. . . ." Executive Rental Leasing,Inc. v. Gershuny, McGettigan, Cameron Agency, Inc., supra, 570.
In the present case, however, the court has not been presented with the circumstances which prompted the above decisions. This matter deals not with an absolute failure to comply with the rules of practice by declining to file a required memorandum, but with an untimely compliance by filing the memorandum some five days following a requested extension, but long in advance of scheduled argument before the court. It should perhaps be noted that following the defendant's submission of the motion to dismiss and attendant memorandum of law, the plaintiff appropriated a significant period of time for submitting her responsive memorandum, missing her own requested thirty day extension date by nearly two months.[5]
Under the circumstances of this case, it is clear that the plaintiff was given ample opportunity to evaluate fully and respond legally to the defendants' motion. Moreover, it cannot be said that the plaintiff has seasonably or appropriately objected to the untimely filing, having failed to object to the requested extension when made, having failed to raise any objection to the five day delay until almost four months later, having failed to brief the issue, and having failed to establish an adequate basis from which the court could devine any undue prejudice which resulted from the delay.
The court therefore declines to deny the defendants' motion to dismiss on the ground of untimeliness, finding this issue in favor of the defendant.
 II SUBJECT MATTER JURISDICTION
The defendants claim that this court should dismiss the plaintiff's action on the ground that the jurisdictional provision of the Warsaw Convention, Article 28, precludes Connecticut courts from exercising subject matter jurisdiction over this matter. The parties do not contest the claim that the plaintiff's action for damages for personal injuries occurring on board an aircraft during international air transportation. This is a subject which is governed exclusively by the provisions of the Warsaw Convention.[6] See El Al IsraelAirlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161, 119 S.Ct. 662,142 L.Ed.2d 576 (1999) (recovery for personal injury suffered on board such aircraft, if not allowed under Warsaw Convention, is not available at all). CT Page 5290
Article 28(1) of the Warsaw Convention provides: "An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principle place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination." If an action to which the Convention applies is not brought in an authorized jurisdiction, the court lacks subject matter jurisdiction over it. See Klos v. Polskie Linie Lotnicze,133 F.3d 164, 167 (2nd Cir. 1997); Pflug v. Egyptair Corp.,961 F.2d 26, 28 (2nd Cir. 1992); Gayda v. LOT Polish Airlines,702 F.2d 424, 425 (2nd Cir. 1983).
The defendants raise four arguments in support of their position that the state of Connecticut does not qualify as one of the permissible jurisdictions identified above. They claim that Connecticut is an inappropriate jurisdiction for consideration of the plaintiff's claims because: (1) the domicile of each defendant is Jamaica, (2) the principle place of business of each defendant is Jamaica, (3) the defendants do not maintain in Connecticut a place of business through which the contract for carriage was made, and (4) the place of destination was New York. In her written memoranda and at oral argument, the plaintiff seemingly accepts the defendants' contention that Connecticut does not qualify as a permissible place of jurisdiction under the first, second or fourth alternative. In her amended complaint, however, the plaintiff maintains that she purchased her round trip airline ticket from New York City to Kingston, Jamaica, from AAA Travel Agency in Avon, Connecticut. Thus, the plaintiff claims that, under the third alternative, Connecticut courts may properly exercise jurisdiction because the contract for carriage was formed in Connecticut.
The arguments of the parties suggest a misinterpretation or misapplication of the jurisdictional provision of the Warsaw Convention with regard to the facts of this case. For purposes of Article 28, "the points of jurisdiction it specifies are national in scope." (Emphasis added.) In re Air Disaster Near Cove Neck, N.Y.,774 F. Sup. 718, 719-20 (E.D.N.Y. 1991); see also Petrire v.Spantax, S.A., 756 F.2d 263, 265 n. 3 (2nd Cir. 1985), cert. denied,474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985); Smith v. CanadianPacific Airways, Ltd., 452 F.2d 798, 801 (2nd Cir. 1971); Mertens v.Flying Tiger Line, Inc., 341 F.2d 851, 855 (2nd Cir. 1965), cert. denied, 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64, reh'g denied,382 U.S. 933, 86 S.Ct. 307, 15 L.Ed.2d 345 (1965). "If, in any given action, the United States is not one of the fora specified by Article 28, the federal courts lack treaty jurisdiction under the [Warsaw] CT Page 5291 Convention and therefore federal subject matter jurisdiction over the controversy." (Emphasis added.) In re Air Disaster Near Cove Neck,N.Y., supra, 720; see, e.g., Pflug v. Egyptair Corp., supra, 961 F.2d 30; Campbell v. Air Jamaica Ltd., 863 F.2d 1 (2nd Cir. 1988); In re Alleged Food Poisoning Incident, March, 1984,770 F.2d 3, 5 (2nd Cir. 1985).
The principle that Article 28 is national in scope operates to limit the jurisdiction of state courts in exactly the same way, although the above cited cases have been decided and so are naturally viewed and from the perspective of federal courts. See Sopcak v.Northern Mountain Helicopter Services, 924 P.2d 1006, 1009 (Alaska 1996). "If the Convention allows suit, a plaintiff may pursue his case in a federal or a state court, Congress having never placed Warsaw Convention suits exclusively within the province of federal courts . . . but the issue involved is whether suit may be brought at all in the courts of the United States, considered collectively." (Emphasis added.) Smith v. Canadian Pacific Airways, Ltd., supra, 452 F.2d 800 n. 3. Thus, Article 28 "answers only the question [of] whether suit may be brought at all in the courts of the United States, whether state or federal and regardless of location." (Internal quotation marks omitted.) Benjamins v. British EuropeanAirways, 572 F.2d 913, 915 n. 5 (2nd Cir. 1978), cert. denied,439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). The operative rule may be stated as follows: "Article 28 applies to divest both state and federal courts of subject matter jurisdiction where the United States is not one of the four specified fora." Sopcak v.Northern Mountain Helicopter Services, supra, 1009.
In the present action, therefore, contrary to the parties' assertions, the issue is not whether Connecticut qualifies as one of the four permissible alternatives but whether the United States does. Both sides apparently agree that the place of destination was New York City. As there can be no reasonable dispute that the United States qualifies as a permissible jurisdiction under the fourth alternative specified by Article 28, the court need not here address the plaintiff's argument regarding the alleged fact that she purchased her ticket in Avon, Connecticut, encompassed by the third alternative noted above.
The court therefore holds that American courts, both federal and state, properly may exercise treaty jurisdiction over this action under Article 28 of the Warsaw Convention. The defendants' claim that the matter should be dismissed for lack of subject matter jurisdiction is accordingly denied, as this issue is found in favor of the plaintiff. CT Page 5292
 III PERSONAL JURISDICTION, VENUE AND SERVICE OF PROCESS
The defendants also claim that the court lacks personal jurisdiction over the pending action, and that the plaintiff's action must therefore be dismissed. The above determination that American courts possess subject matter jurisdiction over the pending claims should not be construed as a simultaneous determination that a suit such as this has been properly brought before a Connecticut court. This court's jurisdiction in the domestic law sense, i.e. under state statutes and practice, must also be established if the matter is to proceed in Connecticut.
"[I]n a Warsaw Convention case there are two levels of judicial power that must be examined to determine whether suit may be maintained. The first level . . . is that of jurisdiction in the international or treaty sense under Article 28(1). The second level involves the power of a particular United States court, under federal [or state] statutes and practice, to hear a Warsaw Convention case — jurisdiction in the domestic law sense." Smith v. Canadian PacificAirways, Ltd., supra, 452 F.2d 800; see also Hill v. United Airlines,550 F. Sup. 1048, 1053-54 (D. Kan. 1982). The trial court need answer domestic jurisdiction and venue questions only after the United States is established as a permissible jurisdiction under Article 28. See Smith v. Canadian Pacific Airways, Ltd., supra, 802. The issue of a particular court's jurisdiction is determined by application of domestic laws. See Mertens v. Flying Tiger Line, Inc.,
supra, 341 F.2d 855; Romero v. Argentinas, 834 F. Sup. 673, 678
(D.N.J. 1993); Butz v. British Airways, 421 F. Sup. 127, 129 (E.D. Pa. 1976), aff'd, 566 F.2d 1168 (1976).
Having established treaty jurisdiction in American courts, the court next turns to the issue of whether it has jurisdiction over this matter in the domestic law sense. The defendants have asserted several aspects of Connecticut law as grounds for the court's dismissal of the plaintiff's action, in addition to the issue of subject matter jurisdiction discussed in part II, above. The defendant has also claimed that this court lacks personal jurisdiction, that the venue is improper and that process and service of process were insufficient. As it accepts the assertion that the Connecticut court lacks personal jurisdiction over either Air Jamaica Holdings Limited or Air Jamaica Holdings, this court does not here discuss the defendants' remaining claims. CT Page 5293
In addressing the personal jurisdiction aspect of the defendants' motion to dismiss. the plaintiff bears the burden of establishing facts sufficient to support a finding of minimum contacts for jurisdictional purposes. "In many cases jurisdiction is immediately evident, as where the sheriff's return shows abode service in Connecticut. When, however, the jurisdictional basis is not clear on the face of the record because service is had under the long-arm statutes, additional facts establishing the `minimum contacts' required by due process may need to be shown. It has not been the practice in this state to require these minimum contacts to be made a part of the allegations in the complaint. Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. Practice Book §§ 142, 143(2), 144 [now §§ 10-30, 10-31, 10-32]. If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts." Standard Tallow Corp. v. Jowdy,190 Conn. 48, 52-53, 459 A.2d 503 (1983).
In this matter, where the plaintiff relies upon constructive service of both defendants,[7] she is responsible for producing evidence that will provide a sufficient basis for the court's acknowledgment of jurisdiction. "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. When jurisdiction is based on constructive service, jurisdiction cannot arise solely from acts recited in the return. There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." (Internal quotation marks omitted.) Id., 53. Thus, "the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Id., 54. This means that "[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." (Emphasis added.) Id.
It is clear that the defendants are foreign corporations domiciled in Jamaica. W.I., with their principle places of business in Jamaica, W.I. The defendants represent that the only states in which they have transacted business are New York, Maryland, Pennsylvania, Georgia and/or Florida and have submitted documents corroborating that the defendants have United States offices in these states. There is no evidence from which the court could conclude that the defendant CT Page 5294 corporations maintain any office or agent in Connecticut. It is also clear that from the allegations of the complaint that neither the alleged accident nor injury occurred in Connecticut.
The plaintiff asserts in her memorandum that the defendants transact business in the state through Connecticut travel agents by placing advertisements in travel and vacation publications and brochures sent to those travel agents. Even assuming, without deciding; that such activity is sufficient to constitute the transaction, of business in this state, no presumption of the truth of the plaintiff's assertions is applicable in this case. SeeStandard Tallow Corp. v. Jowdy, supra, 190 Conn. 53. Furthermore, although the complaint alleges that the defendants are Jamaica corporations "duly authorized by the Secretary of State of Connecticut to conduct business in the State of Connecticut," the defendants have submitted three original Certificates from the Secretary of State certifying that neither defendant has ever obtained a certificate of authority to transact business in the state as required by General Statutes § 33-920. The court in this matter must face, then, the concerns raised by the fact that the plaintiff has offered no evidence whatsoever to support her written contentions that the defendants transact business in this state, nor to support such allegations on this subject as were raised through the amended complaint (# 108), nor has she requested an opportunity for the presentation of evidence relevant to this or any other aspect of personal jurisdiction.
In the absence of such evidence, the court is constrained to find that, under the circumstances of this case, the plaintiff has not sustained her burden of proof with respect to the requisite facts pertaining to personal jurisdiction over the defendants. See StandardTallow Corp. v. Jowdy, supra, 190 Conn. 52-53. Accordingly, this issue is found in favor of the defendants, and the defendants' motion to dismiss must be granted due to the lack of established personal jurisdiction.
WHEREFORE, the defendant's motion to dismiss (# 103) is hereby GRANTED.
BY THE COURT,
N. Rubinow, J.