This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

**v.**                     **No. A-1-CA-36249**

**KEVIN WHELCHEL,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals from the district court's amended judgment and suspended

sentence, entered pursuant to a jury trial, convicting Defendant for violating a protective order and sentencing him to one year of probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, we deny the motion to amend and affirm Defendant's conviction.

**Sufficiency of the Evidence**

{2}     We first address Defendant's challenge to the sufficiency of the evidence, which was raised in the docketing statement [DS 5] and pursued in the memorandum in opposition. [MIO 18-20] Defendant maintains that there was insufficient evidence that he knowingly violated the order of protection. [MIO 19-20] Defendant relies on the video to prove that he first saw the alleged victim when he was close to her in the pharmacy area of the Walmart store and that he turned the corner, paused to grab an item, and then left the area. [MIO 20] He also relies on the video to prove that did not look at or see the alleged victim when he returned to the pharmacy and did not know she was still there. [MIO 20]

{3}     As we stated in our notice, the alleged victim testified that although Defendant's head was down in the direction of his phone, his eyes were on the alleged victim, and, before turning down another aisle, Defendant was about three or four feet

2

away when he smiled at her. [RP 67-69, 72] It appears that, after seeing the alleged victim and while still in her vicinity, Defendant paused for a while and picked out nicotine gum before walking out of the protected zone. [RP 72, 74] Within five or six minutes of the first encounter, Defendant came back to the pharmacy area a second time and again walked within the distance prohibited by the protective order, as the alleged victim was being helped at the pharmacy counter. [RP 69, 73-75]

{4}     Our Supreme Court has held that a violation of a protective order must be knowing. *See State v. Ramos*, 2013-NMSC-031, ¶¶ 1, 28, 305 P.3d 921. The knowledge that the State is required to prove is the knowledge of the protective order and the knowledge of the protected party's presence within the protected zone. *Id.* ¶¶ 26, 28. The State is not required to prove that Defendant "act[ed] with a conscious or wilful desire to defy the protective order[,]" *id.* ¶ 28, given that "knowledge and intent are separate, not synonymous, elements." *Id.* (alteration, internal quotation marks, and citation omitted). The jury was properly instructed in the current case. [RP 99-100] To illustrate the knowledge requirement, the Supreme Court stated that "if a restrained party were to claim he did not knowingly violate an order of protection because he believed he was[thirty] yards away from the protected party instead of [twenty-five], that would be a question for the jury to determine, no different from similar offenses." *Id.* ¶ 29. It further explained that "knowing that the prohibited party

3

was within the protected zone of the protected party, at least after a warning, should be sufficient to prove a knowing violation." *Id.*

{5} In the current case, there is no dispute that Defendant knew of the protective order and the evidence showed that he knew of the protected party's presence at the pharmacy line in the local Walmart store, at the latest when she spotted him looking at her and walking toward her. [RP 67-69, 72] Although the evidence shows that Defendant walked away, the evidence also indicates that Defendant did not turn around and leave the protected zone immediately. It appears he came closer to the protected party, smiled, turned down another aisle, paused, and made a selection, all within the protected zone. [RP 67-69, 72, 74] The jury could reasonably conclude from this evidence that Defendant knew he was violating the protective order. *See Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (stating that, as an appellate court, we will "not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury."(alterations, internal quotation marks, and citations omitted)). To be consistent with our standard of review, we do not adopt Defendant's theory of the evidence and will not indulge any inferences based on Defendant's version of events. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (stating that when assessing the sufficiency of the evidence, "we view the

4

evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict" (internal quotation marks and citation omitted)); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that we disregard all evidence and inferences that support a different result); *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." (internal quotation marks and citation omitted)). Based on the foregoing, we hold that sufficient evidence supports Defendant's conviction.

**Motion to Amend**

{6}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v.*

5

*Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}** We deny Defendant's motion to amend because the issues raised are not viable. We understand Defendant's motion to amend the docketing statement to rephrase his challenge to the district court's admission of the protective order, specifically asserting that it was plain error to admit it without redaction. [MIO 1, 6-12] Defendant argues that the district court itself should have redacted language in the protective order showing (1) that it was granted for a prior domestic violence incident and (2) that the order stated that there were "**NO EXCEPTIONS**" to Defendant's prohibited presence within the protected zone. [MIO 1, 6-12] Defendant's motion to amend also contends that the prosecutor committed misconduct by emphasizing the contents of the protective order described above. [MIO 12-15] The motion to amend lastly asserts that Defendant's trial counsel was ineffective for stipulating to the admission of the un-redacted protective order. [MIO 15-18] It appears the only issue that was preserved relates to Defendant's objection to the prosecutor asking the victim to read the protective order, which he contends emphasized propensity evidence—reference to a domestic violence incident for which the protective order was granted. [MIO 12-13]

**{8}** "We review . . . an unpreserved claim only if the admission of the challenged evidence is plain error and it affects a substantial right." *State v. Carrillo*, 2017-NMSC-023, ¶ 24, 399 P.3d 367. "To constitute plain error, it must give rise to an injustice that creates grave doubts concerning the validity of the verdict." *Id.* (internal quotation marks and citation omitted).

**{9}** Defendant's first claim of plain error—the district court's failure to sua sponte redact the reason for the protective order—is that reference to domestic violence should have been excluded as propensity evidence and unfairly prejudicial evidence under Rules 11-404 NMRA and 11-403 NMRA. [MIO 1, 7-9] We are not persuaded that Defendant has demonstrated a sufficient basis for any grave concerns about the validity of the verdict. Inherent in Defendant's charge for violating a protective order is the need for an order of protection. Thus, undoubtedly, the jury was aware that Defendant did something against which the alleged victim sought protection. Although the reason for the protective order is not especially probative of whether it was violated, there is no suggestion that the domestic violence incident was described in any detail or was particularly inflammatory, such that the inclusion of the incident caused *unfair* prejudice. *Cf. State v. Garcia*, 2011-NMSC-003, ¶ 20, 149 N.M. 185, 246 P.3d 1057 (holding that the defendant did not establish prejudice from failing to sever the felon in possession of a firearm, where "the [s]tate never identified the

names or any details of the prior offenses and only generically mentioned the fact of the prior offenses as an element of the felon in possession charge"). "Evidence should be excluded as unfairly prejudicial in the sense of being too emotional if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). We are not persuaded that reference to a prior domestic violence incident in a case tried on the charge of violating a protective order constitutes evidence that would prejudice the jury to such an extent that we doubt the validity of the verdict.

**{10}** In addition, we see no express or implied argument that Defendant was acting in accordance with his character for domestic violence, such that reference to the domestic violence incident amounted to the use of propensity evidence far beyond that which would be inherent in the charge. The factual basis for the protective order is not at all similar to the factual basis for the allegation Defendant violated it, and the protective order itself was otherwise necessary to prove the elements of the charge. *Cf. Garcia*, 2011-NMSC-003, ¶ 20 (acknowledging that the prior felony conviction came into evidence, but that there were no details about the prior felony provided and

8

no intertwining of the past felony evidence with the evidence of the other offenses for which the defendant was being tried). There is no suggestion that the State took the admission of the protective order as an opportunity to seize upon Defendant's character for violence.

{11}     We also do not believe that the alleged victim's reading of a portion of the first temporary protective order into evidence, which included the finding of probable cause that an act of domestic violence occurred, constitutes reversible error. [MIO 12-14] The document was admitted into evidence by stipulation, and, as we have stated, did not constitute the kind of unfairly prejudicial evidence that would inflame a jury judging the evidence presented of this particular crime. We also note that both parties agreed to address the matter in closing by explaining to the jury that its findings should have nothing to do with the reason for the protective order. [MIO 6] Defendant has not demonstrated that the reading of the order, which was already admitted into evidence, placed such a high emphasis on an undescribed act of domestic violence such that Defendant suffered a prejudice that the parties' admonition to the jury could not cure. Accordingly, Defendant has not established a viable claim of abuse of discretion.

{12}     Defendant also asserts that it was plain error for the district court to not sua sponte redact the language in the protective order indicating there were "**NO**

9

**EXCEPTIONS**" to Defendant's prohibited presence within the protected zone, because that language negates the requirement that violation had to be knowing. [DS 9-10, 12-13] We are not persuaded that Defendant has demonstrated the requisite injustice. As we stated in our notice, the jury was properly instructed on the elements of the offense and was required to find a knowing violation. [RP 99, 100] In addition, we see probative value to the language in the protective order, which served to inform Defendant that there were no exceptions to his exclusion from the protected zone; including, even his brief presence within the protected zone, and his presence in the store he usually visits in a small town to purchase nicotine gum, where the protected party is also present and in a protected proximity to the nicotine gum. Thus, we are persuaded that the language in the protective was relevant to the knowledge requirement, and did not negate it where the instructions were proper. Also, we note that it would be more appropriate to clarify the meaning of that language at trial, rather than redact it. For these reasons, we are not persuaded that Defendant has made a viable claim of plain error on these grounds.

{13}     Lastly, we are not persuaded that Defendant has established a prima facie claim of ineffective assistance of counsel in the failure to object to the admission of the un-redacted protective order. [MIO 15-17] As indicated above, we are not persuaded that redaction of the "**NO EXCEPTIONS**" language would even have been appropriate.

10

With regard to the failure of counsel to request redaction of the reference to a prior act of domestic violence, there is no indication of why counsel failed to request the redaction on the record before us. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 internal quotation marks and citation omitted).

**{14}** Additionally, "[w]e indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61. In the current case, we can conceive of a valid trial strategy in not requesting redaction: to not bring attention and invite speculation about the reason for the protective order. Disclosing the existence of a prior act of domestic violence could be reasonably considered far less impactful

on a jury than inviting its speculation on an act so heinous it needed to be kept secret from the jury. Accordingly, we are not persuaded that Defendant has presented a viable prima facie claim of ineffective assistance of counsel.

{15}    Based on the foregoing, we deny the motion to amend the docketing statement and affirm Defendant's conviction for violating an order of protection.

{16}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**