Efrain REYNAGA, Plaintiff—
Appellant,

v.

SUN STUDS, INC., a Washington
corporation; Howard Sohn; Clay
Needham, Defendants,

and

Sun Properties NW, Inc., a Washington
corporation, Defendant—Appellee.

No. 02–36109.
D.C. No. CV–02–99–06195–MRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided May 7, 2004.

Marianne G. Dugan, Facaros, Dugan, Rosas, Eugene, OR, for Plaintiff–Appellant.

Dennis W. Percell,Arnold, Gallagher, Saydeck, Percell and Roberts, P.C., Eugene, OR, for Defendants.

Amy R. Alpern,Amburgey & Rubin, Portland, OR, for Defendants/Defendant–Appellee.

Patricia Ann Haim, Amburgey & Rubin, Portland, OR, for Defendant–Appellee.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Efrain Reynaga appeals from the district court's dismissal of his 42 U.S.C. § 1981 action, in which he alleged that Sun Studs, Inc. (the "Company") engaged in employment discrimination by refusing to sponsor him for a millwright apprentice-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ship program because of his Hispanic ethnicity. The district court dismissed the action on the basis of issue preclusion. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

"[A]s the part[ies] asserting issue preclusion, [the defendants] must show that the estopped issues are identical to issues litigated in a prior action." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir.1999). We look to four factors to aid in "[d]etermining whether two issues are identical for purposes of collateral estoppel":

(1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

(2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

(3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

(4) how closely related are the claims involved in the two proceedings?

*Id.* (citation omitted). Application of these four factors compels the conclusion that the issues raised in this case are identical to those litigated in *Sun Studs I*.

The second factor is clearly met: Reynaga's new claim involves the application of the same rule of law, 42 U.S.C. § 1981, as that involved in *Sun Studs I*. The three remaining factors are also satisfied. As to the first factor, there is a substantial overlap between the evidence and argument advanced in *Sun Studs II* and that advanced in *Sun Studs I*. Though Reynaga offers minor factual distinctions between the cases, collateral estoppel is "applicable even though some facts differed in the two

cases at issue, because the differing facts were not 'essential to the judgment' or 'of controlling significance' in the first case." *Starker v. United States*, 602 F.2d 1341, 1346 (9th Cir.1979) (citation omitted). That the dates that Reynaga asked and was refused an apprenticeship sponsorship are different, without more, is not of "controlling significance." Moreover, Gatzke's new rationale regarding uncertain time commitments was in addition to, and in no way undermined or contradicted, the Company's official reiteration of its "lack of business need" rationale, which was unequivocally advanced in its October 3, 2000 memorandum to Reynaga and its January 16, 2001 letter to Reynaga's counsel.

The third factor is also satisfied, as pretrial preparation and discovery related to the matter presented in *Sun Studs I* could reasonably be expected to have embraced the matter presented in *Sun Studs II*. Reynaga's "new" evidence of disparate treatment and the Company's sponsorship of the apprenticeship program could just as easily have been discovered at the time of *Sun Studs I*. Litigants may not have a second opportunity to prove a fact or make an argument relating to an issue previously decided. *See Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C.Cir.1992), *cert. denied*, 506 U.S. 1078, 113 S.Ct. 1044, 122 L.Ed.2d 353 (1993) ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case" (emphasis in original)). Where the same parties are involved, there is no exception for prior decisions that were wrongly decided because of insufficient or unavailable evidence. *See Brown v. Felsen*, 442 U.S. 127, 132, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (noting that issue preclusion often "blockades unexplored paths that may lead to truth").

Finally, the fourth factor is satisfied, as Reynaga's claim in *Sun Studs II* is closely related to his employment discrimination claim in *Sun Studs I*. Indeed, Reynaga's entire justification for bringing suit in *Sun Studs II* is that he had been "denied in the past" relief and he now possesses previously undiscovered evidence of disparate treatment and of the Company's sponsorship of the apprenticeship.

The district court therefore did not err in dismissing Reynaga's claim on the basis of collateral estoppel.

AFFIRMED.