*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BACHNER COMPANY INCORPORATED, | ) ) ) | Supreme Court No. S-15860 |
| Appellant, | ) ) | Superior Court No. 4FA-14-02538 CI |
| v. | ) ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT OF ADMINISTRATION, | ) ) ) ) | No. 7138 – December 9, 2016 |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Jane F. Kauvar, Judge.

Appearances: Michael C. Kramer, Kramer and Associates, Fairbanks, for Appellant. Elizabeth M. Bakalar, Assistant Attorney General, and Craig W. Richards, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Fabe, Justice, not participating.]

MAASSEN, Justice.

## I. INTRODUCTION

This case involves a breach of contract claim brought by a contractor that leased office space to the State of Alaska. After a ten-year lease term and a one-year renewal, the contractor alleged that the State was in default on its rent payments, and it

filed suit in superior court. The State moved to dismiss the complaint, arguing that the claim was governed by the Alaska State Procurement Code and that the contractor had failed to exhaust its remedies under the code before filing suit. The superior court agreed and granted the State's motion to dismiss. The contractor appealed.

We conclude that the procurement code covers a rent dispute over an ongoing lease, that the contractor's claim falls under the procurement code, and that the contractor must exhaust its administrative remedies before filing suit in superior court. We therefore affirm the superior court's dismissal of the contractor's complaint.

## II. FACTS AND PROCEEDINGS

### A. Facts

In September 2003 Bachner Company Inc. entered into a contract with the State of Alaska, Department of Administration, to lease portions of the Denali Building in Fairbanks. Under the contract Bachner leased 15,730 square feet of office space and 40 parking spaces to the State for use by the Department of Natural Resources. The lease was issued through the State's Request for Proposal (RFP) process, and the terms of the RFP were incorporated into the lease.

The lease had a "firm term" of ten years beginning September 26, 2003 and ending September 30, 2013. The lease gave the State the option at the end of the firm term "to renew this lease for Ten (10) additional one (1) year periods to be exercised by giving [Bachner] written notice prior to the expiration of each term." The lease set monthly rent on most of the occupied space, but it also provided that 1,400 square feet was rent-free for the duration of the ten-year firm term; upon renewal the State was required to either pay rent on this space or vacate it. Although the full lease is not in the record before us, Bachner asserts that it also provided that "[a]ny dispute arising out of the lease shall be resolved under the laws of Alaska" and contained a forum selection

clause providing that "[a]ny appeal of an administrative order and any original action to enforce any provision of this lease or to obtain any relief from or remedy in connection with this lease may be brought only in the Superior Court for the Third Judicial District of Alaska."

In May 2013, four months before the end of the firm term, the State exercised its first one-year renewal option by signing an amendment to the original lease. The amendment provided that "[a]ll other terms and conditions of the lease remain[ed] the same." The State signed another lease amendment in September 2013, this one adjusting the monthly rent for inflation as of October 1, 2013. The amendment did not mention rent for the 1,400 square feet that was being provided rent-free.

Once the first renewal period began on October 1, 2013, the State continued occupying the property but did not pay rent on the previously rent-free portion. Bachner brought this issue to the State's attention, and the State agreed to hire a third party to determine the appropriate rental rate for the space, as provided in the lease. The State also confirmed that "[t]he rate adjustment for the 1,400 square feet of space [would] be retroactive to the start of this first renewal option as indicated in the lease (October 1, 2013)."

Following a real estate broker's independent evaluation, the parties agreed to value the previously rent-free space at $2.35 per square foot per month. According to Bachner, however, the State failed to include this amount in its rent payments. In April 2014 Bachner sent a letter notifying the State that it was in default on its rent.[1] The State subsequently signed a lease amendment — referred to as Amendment No. 13 —

---

[1]    Bachner's letter read in its entirety: "Lessee (State of Alaska) is in default in their payment of rent on Lease #2532 and Lease #2530 [the Denali Building lease]. Please consider this your official notification."

on August 5, 2014, which adopted the $2.35 per-square-foot valuation of the additional 1,400 square feet and added this amount to the rent owed under the lease.

Bachner contended that Amendment No. 13 was invalid because it had been signed on the State's behalf by a contracting officer who lacked the requisite authority. Bachner therefore notified the State that it had failed to cure its default within 60 days of receiving notice and that it remained in breach of the lease. The State denied that it was in breach, rejecting Bachner's contention that Amendment No. 13 had not been properly signed. The State also informed Bachner of the right, if Bachner disagreed, to "file a contract claim in accordance with [AS] 36.30.620" under the procurement code.

## B.    Proceedings

In September 2014, rather than filing a claim under the procurement code, Bachner filed a breach of contract claim in Fairbanks superior court. Bachner's complaint gave a partial factual history of the lease agreement and amendments but did not include the lease as an attachment. Bachner alleged that "[o]n August 4, 2014, [the State] may have amended [the lease] to pay for 1,400 . . . square feet of occupied space retroactive to October 1, 2013, but has yet to pay any rent for any of this space." It further alleged that the State's "[f]ailure to pay rent on the 1,400 square feet of formerly free space since October 1, 2013 constitute[d] a material breach" of the lease agreement, that Bachner had notified the State of the breach, and that the State had failed to cure the breach within 60 days of notice. Bachner asserted that "[a]ccording to the lease terms, if a breach is not cured within 60 days, the lease is terminated." Therefore, Bachner contended, the State had lost any right it had under the lease to exercise another renewal option and instead "must vacate the premises, negotiate another long-term lease by October 1, 2014, [and] agree to pay market rate o[f] [$]2.35 [per] square foot on the 18,194 square feet they occupy or they will be in trespass on the property." Bachner

asked the court for an order evicting the State, "[a]ll available contract damages," and its costs and attorney's fees.

The State moved to dismiss the case under Alaska Civil Rule 12(b)(6) on the ground that the face of the complaint showed that Bachner was not entitled to relief in court. The State argued that the lease plainly fell under the Alaska procurement code, that the code "provides the exclusive remedy for claims arising out of contracts awarded under the code," and that Bachner "ha[d] not exhausted the statutorily required administrative process" before filing suit. The State argued that Bachner's suit was therefore barred by the code's exclusive remedy provision.

In opposition, Bachner characterized the case as "a simple breach of contract case between a landlord and tenant for failure to pay rent." It argued that the case was a "payment dispute" within the meaning of AS 37.05.285 and thus was exempt from the exclusive remedy provision of the procurement code. Implicit in Bachner's argument was that the relevant "procurement" ended when the initial lease was signed more than ten years before; it argued that "the procurement code does not control a subsequent lease dispute." Bachner also asserted that the only available remedy for a claim under the procurement code was the recovery of bid preparation costs — an anomalous result in a rent dispute occurring years after the lease had been bid on and awarded.

The superior court held a status hearing on the State's motion to dismiss. The court preliminarily explained that it had not yet ruled on the motion because the terms of the lease were difficult to understand based only on its description in the complaint. After hearing the parties' arguments, however, the court adopted the State's view of the case, concluding that it could decide the motion to dismiss based solely on the allegations of Bachner's complaint. The court reasoned that, even taking all the

allegations in the complaint as true, "the basis for [Bachner's] recovery . . . was found in the statute under the procurement code." The court later issued a written order confirming its grant of the State's motion to dismiss.

Bachner appeals the superior court's dismissal order.[2]

## III. STANDARDS OF REVIEW

"A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo. In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the complaint as true."[3] "Because motions to dismiss are disfavored, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief.' "[4] "In other words, 'the complaint need only allege a set of facts consistent with and appropriate to some enforceable cause of action.' "[5]

---

[2] Bachner also appeals the superior court's award of attorney's fees to the State, but it did not brief the issue, which is therefore waived. *See Harris v. Ahtna, Inc.*, 193 P.3d 300, 305 n.4 (Alaska 2008) (holding that although certain points were included in the appellant's points on appeal, "he did not substantively brief them and they are therefore deemed waived").

[3] *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009) (citing *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008)).

[4] *Roberson v. Southwood Manor Assoc., LLC*, 249 P.3d 1059, 1060 (Alaska 2011) (alteration omitted) (quoting *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009)).

[5] *Clemensen*, 203 P.3d at 1151 (quoting *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 128 (Alaska 2000)).

"Issues of statutory interpretation present questions of law warranting independent review."[6] In reviewing these questions de novo, we "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[7]

## IV. DISCUSSION

The grant or denial of a motion to dismiss under Rule 12(b)(6) depends on whether the complaint "allege[s] a set of facts consistent with and appropriate to some enforceable cause of action."[8] Bachner contends that the allegations of its complaint met this standard. The State argues that Bachner failed to state a valid claim for relief because, under the procurement code's exclusive remedy provision, a contract claim on a State procurement — including a rent dispute over a long-term lease — cannot be brought in superior court before the prescribed administrative remedies have been exhausted. Bachner does not dispute that it failed to exhaust administrative remedies; it contends only that it was not required to. But because we conclude that Bachner's claim is subject to the procurement code's exclusive remedy provision, we hold that the superior court did not err in dismissing Bachner's complaint.

### A. Bachner's Suit In Superior Court Is Barred By The Exclusive Remedy Provision Of The Procurement Code.

Bachner argues that the procurement code's procedures governing contract claims cannot apply to a rent dispute over a lease that was signed years ago. It argues alternatively that its claim is a "payment dispute" that is expressly exempted from the

---

[6]     *Roberson*, 249 P.3d at 1060 (citing *W. Star Trucks, Inc. v. Big Iron Equip. Serv., Inc.*, 101 P.3d 1047, 1048 (Alaska 2004)).

[7]     *Id.* (alteration omitted) (quoting *W. Star Trucks, Inc.*, 101 P.3d at 1048).

[8]     *Clemensen*, 203 P.3d at 1151 (quoting *Odom*, 999 P.2d at 128).

code's exclusive remedy provision. We find neither argument supported by the relevant statutory language.

### 1. The procurement code's exclusive remedy provision bars a direct action in superior court for claims covered by the code.

The state procurement code, found in Title 36, Chapter 30 of the Alaska Statutes, generally applies to contracts entered into by the State.[9] Alaska Statute 36.30.850(b) provides that the procurement code "applies to every expenditure of state money by the state, acting through an agency, under a contract," with listed exceptions not relevant here.[10] State leases of real property are explicitly made subject to the procurement code: AS 36.30.080(a) provides that "[t]he [D]epartment [of Administration] shall lease space for the use of the state or an agency wherever it is necessary and feasible, subject to compliance with the requirements of this chapter." The code's definitions explain that " 'procurement' means buying, purchasing, renting, leasing, or otherwise acquiring supplies"[11] and that " 'supplies' . . . includes privately owned real property leased for the use of agencies, such as office space."[12] The code's definitions also explain that " 'procurement' . . . includes functions that pertain to . . . all phases of contract administration,"[13] not just the initial signing of a lease or purchase

---

[9]     *See* AS 36.30.850.

[10]     AS 36.30.850(b)(5) excepts "acquisitions or disposals of real property or interest in real property," but the exception itself contains an exception: "except as provided in AS 36.30.080 and 36.30.085." The cited statutes apply to leases and lease-purchase agreements.

[11]     AS 36.30.990(19).

[12]     AS 36.30.990(26).

[13]     AS 36.30.990(19).

contract. The lease at issue here necessarily falls within the procurement code because it is a State lease[14] of "privately owned real property"[15] "for the use of the state."[16]

For contracts subject to its terms, the procurement code sets out specific claim and appeal procedures governing claims against the State.[17] Alaska Statutes 36.30.560-.615 provide the procedure for protesting and appealing contract solicitations and contract awards,[18] while AS 36.30.620 provides the procedure for disputes arising under ongoing contracts. The latter procedure is initiated when the contractor "file[s] a claim concerning a contract awarded under this chapter with the procurement officer."[19] The claim must be filed "within 90 days after the contractor becomes aware of the basis of the claim or should have known the basis of the claim."[20] Subsection .620(a) specifically refers to "lease rate adjustment[s]," confirming that this statutory process governs disputes that arise in ongoing leases.[21]

If a claim under AS 36.30.620 "cannot be resolved by agreement," the statute further provides that, at the claimant's request, a procurement officer will issue

---

[14] *See* AS 36.30.990(19).

[15] AS 36.30.990(26).

[16] AS 36.30.080(a).

[17] AS 36.30.550–.699.

[18] *See* AS 36.30.550(a).

[19] AS 36.30.620(a).

[20] *Id.*

[21] AS 36.30.620(a) provides that "a lease rate adjustment called for in the lease" is exempt from the 90-day filing deadline and instead "must be filed prior to the expiration date of the lease."

a written decision on the claim.[22]  The written decision must include, in addition to its rationale, a statement that it constitutes "the final decision of the procurement officer" and "may be appealed to the [applicable] commissioner,"[23] which may be either the Commissioner of Administration or the Commissioner of Transportation and Public Facilities, depending on subject matter.[24]  The code specifies the procedures for hearings before the commissioner or decisions without a hearing.[25]  And importantly, AS 36.30.690 provides that "AS 36.30.560 -.36.30.699 and regulations adopted under those sections provide *the exclusive procedure* for asserting a claim against an agency arising in relation to a procurement under this chapter."[26]

The code also specifies the process for appealing a procurement claim to the superior court:  A commissioner's final decision "may be appealed to the superior court for a trial de novo."[27]  Claims falling under the procurement code cannot be filed in superior court except through this appeal mechanism.  This is a matter of jurisdiction:  The State has generally waived its sovereign immunity with respect to contract claims, but the waiver contains an express exception for claims covered by the procurement

---

[22]     AS 36.30.620(b).

[23]     AS 36.30.620(d).

[24]     AS 36.30.625.

[25]     AS 36.30.630.

[26]     Emphasis added.  The "payment disputes" exception to these procedures, AS 36.30.620(g), states that "[t]his section does not apply to payment disputes governed by AS 37.05.285."  We discuss below, in section IV.A.3, why this case is not governed by that exception.

[27]     AS 36.30.685(b).

code.[28] For such claims, thus, the State has waived its immunity from suit only to the extent that the claim has first proceeded through the procurement code's administrative process.

We explained the jurisdictional nature of the exclusive remedy provision in *J & S Services, Inc. v. Tomter*, in which we noted that "Alaska's Code of Civil Procedure confirms and reinforces the procurement code's exclusive remedy provisions by preserving the state's sovereign immunity from liability in any civil action arising from a procurement dispute."[29] In *J & S Services*, an unsuccessful bidder on a state request for proposals sued the State and a state procurement officer in contract and tort in superior court.[30] The superior court dismissed the complaint,[31] and we affirmed the dismissal as to the State.[32] We concluded that the complaint "unquestionably amount[ed] to 'a claim against an agency arising in relation to a procurement' " within the meaning of the exclusive remedy provision, AS 36.30.690, and that the plaintiff "indisputably qualifie[d] as '[a] person who may bring an action under AS 36.30.560–36.30.695' "

---

[28]     AS 09.50.250 provides that "[a] person who may bring an action under AS 36.30.560–36.30.695 [the procurement code remedy procedures] may not bring an action under this section except as set out in AS 36.30.685 [the procurement code appeal procedure]."

[29]     139 P.3d 544, 547 (Alaska 2006).

[30]     *Id.* at 546.

[31]     *Id.*

[32]     *Id.* at 547-48.  For reasons not relevant here, we reversed with respect to the claim against the state procurement officer.  *Id.* at 548-49.

within the meaning of the sovereign immunity provision.[33] We therefore held that "the exclusive remedy provision barred the claims."[34]

Here, too, AS 36.30.620 and the procedures set out in the procurement code — including an eventual right of appeal to the superior court from an adverse decision of the relevant commissioner — constitute Bachner's exclusive remedy for its claim. The lease falls under the procurement code because it is a contract for the lease of private property to the State for use by a state agency.[35] And because "procurement" covers "all phases of contract administration,"[36] this dispute arising during the life of the lease remains subject to the code. As someone with a claim under AS 36.30.620, Bachner qualifies as "[a] person who may bring an action under AS 36.30.560–36.30.695" within the meaning of the sovereign immunity provision.[37] Bachner is thus limited to those statutory remedies and is barred from filing an original action on the same matter in superior court.[38]

---

[33] *Id*. at 547-48.

[34] *Id.* at 548.

[35] *See* AS 36.30.080(a); AS 36.30.850(b).

[36] AS 36.30.990(19).

[37] *J & S Servs.*, 139 P.3d at 547.

[38] *Id.* at 547-48.

**2. The exclusive remedy provision applies to ongoing contracts.**

Bachner argues that a rent payment dispute is not subject to the exclusive remedy provision of the procurement code because that provision applies only to claims regarding the solicitation and award of contracts. But the exclusive remedy provision explicitly applies to "AS 36.30.560 – 36.30.699," a range including section .620, which governs Bachner's claim.[39] Bachner points out that under "Applicability of protest and appeal procedures," AS 36.30.550, "the provisions of AS 36.30.550 – 36.30.615 apply to a solicitation, a proposed contract award, and an award of a contract." Bachner argues that this list omits contract claims because the legislature intended to exclude them from the exclusive remedy provision. But AS 36.30.620 falls outside the range cited in section .550, so any limitations in section .550 are irrelevant. And there is nothing in section .620 that would limit contract claims to the solicitation and award phase of a contract.

Bachner also contends that the procurement code's remedy provisions do not apply to existing contracts because "procurement," as the term is commonly understood, ends at the time the contract is signed. But as explained above, "procurement" by statutory definition covers more than just the acquisition phase of a contract; it covers "all phases of contract administration."[40] In a related argument, Bachner contends that its claim cannot be covered by the procurement code because procurement claims may only be filed with a procurement officer, "an official who does not exist after the procurement ends with the execution of a contract." But again, the code defines a "procurement officer" as "a person authorized to enter into *and administer*

---

[39] AS 36.30.690.

[40] AS 36.30.990(19).

contracts for an agency";[41] under this definition, ongoing contracts may indeed have procurement officers authorized to review claims.

Bachner also argues that its claim cannot be covered by the code because the remedy for procurement claims is limited to bid preparation costs, an obviously inadequate and anomalous remedy in a later dispute over rent. Bachner points to AS 36.30.585, titled "Protest remedies," which provides that "if a protest is sustained in whole or part, the protester's damages are limited to reasonable bid or proposal preparation costs."[42] But AS 36.30.585 applies only to protests of a contract award or other elements of the bidding process; it does not apply to claims on an ongoing contract brought under the separate remedy provision of AS 36.30.620. Like the title, the text of AS 36.30.585 refers only to "protests," which is the term used in the procurement code for claims regarding contract solicitation and award.[43] By contrast, claims regarding ongoing contracts under AS 36.30.620 are consistently referred to as "contract claims" or "claims."[44] And again, AS 36.30.585 falls within the range of statutes pertaining to contract solicitation and award, whereas AS 36.30.620 falls outside of it.[45] In short, there

---

[41]     AS 36.30.990(20) (emphasis added).

[42]     AS 36.30.585(c).

[43]     *See* AS 36.30.560 ("An interested party may protest the award of a contract, the proposed award of a contract, or a solicitation for supplies, services, professional services, or construction by an agency.").

[44]     *See* AS 36.30.620 ("A contractor shall file a claim concerning a contract awarded under this chapter with the procurement officer."); AS 36.30.625 ("An appeal from a decision of the procurement officer on a contract claim may be filed by the contractor . . . .").

[45]     *See* AS 36.30.550.

is nothing in the statutes that can reasonably be read as limiting the damages on a contract claim brought under AS 36.30.620 to bid preparation costs.

Relatedly, Bachner argues that the procurement code does not cover ongoing contracts because under AS 36.30.560 only "interested parties" are allowed to file administrative protests, and "interested parties" are defined to include only persons involved at the contract's outset — bidders and prospective bidders.[46]  But again, this provision falls within the range of provisions specific to contract solicitation and award;[47] it does not purport to limit or define those who may bring other types of claims.  Contract claims under AS 36.30.620 may be brought by a "contractor," and the ordinary meaning of that term is not narrowed by statute.

In sum, the statutes' language and structure compel the conclusion that claims involving ongoing contracts — such as the lease at issue in this case — fall under AS 36.30.620 and are therefore subject to the exclusive remedy provision of the procurement code.

### 3.   A lease dispute does not fall within the "payment disputes" exemption of AS 36.30.620(g).

The contract claims procedure of AS 36.30.620 contains an explicit exemption for "payment disputes governed by AS 37.05.285."[48]  According to Bachner, the rent dispute at issue here is an exempted "payment dispute" because "Bachner is seeking payment under the terms of a contract for services."  But this argument, too, is contrary to the language of the statutes.

---

[46]     *See* AS 36.30.699.

[47]     *See* AS 36.30.550.

[48]     AS 36.30.620(g).

Alaska Statute 37.05.285 falls outside the procurement code and provides timelines for the State's payment to sellers for "goods and services." The procurement code defines "services" as "the furnishing of labor, time, or effort by a contractor";[49] this provision does not include providing property for lease. But the definition of "supplies," on the other hand, *does* include the specific product at issue in this case — "privately owned real property leased for the use of agencies, such as office space."[50] Under these definitions, Bachner, by leasing office space to the State, is providing "supplies," not "services," and AS 37.05.285 — the "payment disputes" provision — does not apply.[51]

## B.     Bachner's Other Claims To Relief Outside The Procurement Code Are Waived.

In its reply brief on this appeal Bachner raises two additional theories that it argues take its claim outside the procurement code and permit a direct suit in superior court: First, that the lease was terminated by the State's failure to pay rent, and contracts that have been "cancelled or terminated" are not subject to the procurement code; and second, that "even if AS 36.30.620 and AS 36.30.690 would normally apply, the State opted out of the procurement code by inserting a forum selection clause in the contract" that effectively invited the parties to file suits in superior court rather than invoke the

---

[49]     AS 36.30.990(23).

[50]     AS 36.30.990(26).

[51]     This conclusion is also supported by the regulation interpreting AS 37.05.285, which defines a "seller of goods and services" as an entity "that offers or transfers property or services to a state agency under a contract of a sale or purchase order," 2 Alaska Administrative Code (AAC) 15.115(e)(4)(2012); again, this definition of "seller" does not include a "lessor" like Bachner.

administrative process.  But Bachner raised neither of these arguments before making them in its reply brief, and we therefore consider them waived.[52]

### C. The Superior Court Did Not Err By Failing To Consider Matters Outside The Pleadings When Granting The State's Motion To Dismiss.

Finally, Bachner argues that the superior court erred by granting the State's motion to dismiss the suit without first considering the terms of the lease.  Civil Rule 12(b)(6) provides that a defendant may make a motion to dismiss "for failure to state a claim on which relief can be granted."  Grant or denial of a motion to dismiss is based only on whether the complaint itself "allege[s] a set of facts consistent with and appropriate to some enforceable cause of action."[53]  If the court does consider matters outside the pleadings, Rule 12(b) requires that the motion to dismiss be treated as a motion for summary judgment under Alaska Civil Rule 56, in which case "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Bachner faults the superior court for its "refus[al] to take evidence or convert the motion [to dismiss] to a motion for summary judgment."  Bachner contends that the court was required to look at the lease because "a lease prepared by the state might possibly establish remedies that are different from, or even in conflict with, statutory law."  But although Rule 12(b) permits a court to convert a motion to dismiss into a motion for summary judgment, a court is *required* to do so only if it considers matters outside the pleadings.

---

[52] *Maines v. Kenworth Alaska, Inc.*, 155 P.3d 318, 326 (Alaska 2007) ("[A]n issue raised for the first time in a reply brief is deemed to have been waived." (citing *Crittell v. Bingo*, 83 P.3d 532, 536 n.19 (Alaska 2004))).

[53] *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009) (quoting *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 128 (Alaska 2000)).

Bachner's complaint alleged that it had entered into a contract with the State in 2003 to lease the Denali Building for the use of the Department of Natural Resources; that the firm term expired in September 2013 and was followed by a one-year renewal; that the State continued to occupy space for which it had failed to pay rent; and that accordingly the State was in material breach of the lease and "must vacate the premises, negotiate another long-term lease," and pay past-due rent, "or they will be in trespass on the property." The face of the complaint thus alleged the existence of a contract claim subject to the procurement code and its exhaustion requirement, as explained above. The face of the complaint contained no suggestion that the lease's remedy provisions conflicted with or superseded the procurement code, nor did Bachner make this argument before the superior court.[54] The court was therefore presented with a legal issue: whether a dispute over an ongoing state office lease was a "contract claim" subject to the procurement code.

We conclude that the superior court did not err when it ruled on the motion to dismiss on the basis of the allegations of the complaint alone. Because Bachner's complaint failed to allege any facts that would support a theory of relief not barred by the procurement code's exclusive remedy provision, the superior court did not err in granting the State's motion.

## V.     CONCLUSION

We AFFIRM the judgment of the superior court.

---

[54]     Bachner argued in the superior court that the procurement code did not apply to the lease for other reasons, but not that the procurement code could not apply because it might conflict with the lease's terms, or even that the lease's terms had any bearing on the application of the procurement code.