*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| EMILY ROSEBERRY, | ) | |
| | ) | Supreme Court No. S-18842 |
| Appellant, | ) | |
| | ) | Superior Court No. 2BA-22-00320 CI |
| v. | ) | |
| | ) | O P I N I O N |
| NORTH SLOPE BOROUGH SCHOOL | ) | |
| DISTRICT and NORTH SLOPE | ) | No. 7766 – May 9, 2025 |
| BOROUGH SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Second Judicial District, Utqiaġvik, David L. Roghair, Judge.

Appearances: Isaac D. Zorea, Anchorage, for Appellant. Matthew Singer and Andrew P. March, Schwabe, Williamson & Wyatt, P.C., Anchorage, for Appellees.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

MAASSEN, Chief Justice.

I.      INTRODUCTION

        The former principal of a charter school alleged that the school district superintendent overstepped her authority in violation of Alaska statutes and the

governing charter school contract and bylaws. The principal was fired after making complaints about the superintendent's conduct to the superintendent, the board of education, and an independent commission.

The principal filed suit in federal court, raising both federal civil rights claims and a state whistleblower claim. Her federal claims were dismissed with prejudice, and the court declined to exercise supplemental jurisdiction over the state whistleblower claim. The principal then filed suit in state court, bringing the whistleblower claim and three additional state-law claims. The defendants moved to dismiss, arguing that the claims were all barred by issue and claim preclusion; the superior court agreed and dismissed the complaint. The principal appealed.

We conclude that the principal's state claims are not barred by issue and claim preclusion. We therefore reverse the superior court's judgment and remand for further proceedings consistent with this opinion.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

In July 2020 Emily Roseberry began work as the principal of Qargi Academy, a charter school in the North Slope Borough School District.[1] Shortly after she began her duties as principal, several disputes arose between her and the District; she identifies these as primarily involving "contract compliance issues concerning the [Academy's] statutory independence," interference with her access to the Academy's financial records and bank accounts, and the District's handling of allegations of an inappropriate relationship between one of Qargi's teachers and a District student.

---

[1]    This case involves an appeal from a grant of a motion to dismiss for failure to state a claim under Alaska Civil Rule 12(b)(6). We therefore accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Est. of Mickelsen ex rel. Mickelsen v. N.-Wend Foods, Inc.*, 274 P.3d 1193, 1197 (Alaska 2012).

Roseberry took issue with an internal report summarizing the latter dispute, then filed two complaints with the Professional Teaching Practices Commission; she asserted that the District's superintendent, Pauline Harvey, mishandled the dispute and in so doing violated Qargi Academy's contract, Alaska statutes governing the operation of charter schools,[2] and the teaching code of ethics, making her subject to discipline under Alaska law.[3] Following her complaints Roseberry was placed on administrative leave, and a week later she was fired. She asserts that her termination was at the direction of Qaiyaan Harcharek, a member of the District Board of Education. Roseberry brought suit first in federal court, then in state court, based on the circumstances surrounding her termination.

## B. Proceedings

### 1. Federal case

In April 2021 Roseberry brought suit in the United States District Court for the District of Alaska against Harvey, Board member Harcharek, and the District. She asserted a § 1983 federal civil rights claim[4] alleging that Harvey and Harcharek used their authority as state actors to deprive her of constitutional protections: specifically that Harvey violated her rights under the First Amendment and that both Harvey and Harcharek violated her due process rights. She also alleged that the District violated the Alaska Whistleblower Act[5] by allowing "Harvey to discharge her

---

**2**    *See* AS 14.03.255.

**3**    *See* 20 Alaska Administrative Code (AAC) 10.020(a); AS 14.20.030.

**4**    42 U.S.C. § 1983 creates a private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

**5**    AS 39.90.100–.150.

for speaking on matters of public concern related to Harvey's violation of Qargi's Charter Contract and Alaska Statutes."

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They argued that Roseberry's First Amendment claims failed because her speech was not addressing a matter of public concern and was therefore not constitutionally protected and that her due process claims failed because they rested on her "erroneous interpretation of the Alaska statute that governs the organization and operation of charter schools." The federal court agreed and dismissed Roseberry's complaint with leave to amend, reasoning that although she had not plausibly alleged a § 1983 claim, she could perhaps do so in an amended complaint. As for Roseberry's state Whistleblower Act claim, the court declined to exercise supplemental jurisdiction over it once it had dismissed all claims over which it had original jurisdiction.

Roseberry filed her amended complaint in September, removing the District as a defendant and adding the Board. She again alleged First Amendment and due process claims against Harvey and Harcharek. She reasserted her claim under the Alaska Whistleblower Act but this time against the Board. Again, the defendants moved to dismiss her complaint.

The federal court granted the defendants' motion in January 2022. Regarding Roseberry's First Amendment claims, the court held that "[t]he disagreement between plaintiff and defendant Harvey with respect to plaintiff's authority to supervise Qargi Academy amounted to a power struggle" and not a constitutional violation; it reasoned that when public employees like Roseberry make statements pursuant to their official duties they are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from disciplinary processes. The court also dismissed Roseberry's due process claims, observing that she had failed to identify "which of her alleged liberty or property

interests [were] entitled to procedural due process protections" or to allege "that the procedures by which she was terminated were constitutionally infirm." The court therefore dismissed all of "Roseberry's § 1983 First Amendment and substantive and procedural due process claims . . . with prejudice." It also "decline[d] supplemental jurisdiction over [her] state law whistleblower claims and dismisse[d] them without prejudice."

### 2.    State case

Roseberry filed a complaint in Alaska superior court about a year later, naming the District and the Board as defendants. The factual allegations were largely the same as they had been in her federal complaint. Roseberry again asserted a claim under the Alaska Whistleblower Act, as she had in federal court, but she added three new state-law claims:  intentional interference with contractual relations by Harvey, negligent supervision of Harvey by the Board, and defamation by Harvey.

The defendants (collectively "the District") filed a motion to dismiss, asserting that the disposition of Roseberry's state action was governed by the federal court judgment.  The District contended that her new claims — intentional interference, negligent supervision, and defamation — were barred by claim preclusion because she could have raised them in her federal court action but failed to do so.  It argued that her Whistleblower Act claim was barred by issue preclusion because the federal court, in dismissing her First Amendment claim with prejudice, had decided that the speech for which she sought protection did not involve a matter of public concern — a necessary element of the whistleblower claim as well.

The superior court granted the District's motion to dismiss, implicitly adopting the District's arguments.  Roseberry moved for reconsideration, which was denied.

## III. STANDARD OF REVIEW

"A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo."[6] "The question whether res judicata or collateral estoppel applies is a question of law, which we review de novo."[7]

## IV. DISCUSSION

### A. Roseberry's Alaska Whistleblower Act Claim Is Not Barred By Issue Preclusion Because "Matter Of Public Concern" Is Defined Differently Under The Whistleblower Act And First Amendment Law.

In its order granting the District's motion to dismiss, the superior court noted that it was "relying on judicial notice of [the] prior proceeding in Federal Court" but did not otherwise explain its reasoning. We assume, therefore, that it accepted the arguments of the District as the moving party.[8] The District argued in its motion that because the federal court dismissed Roseberry's First Amendment claim on grounds that she was not speaking on a matter of public concern, the issue of whether Roseberry was speaking on a matter of public concern for purposes of the Alaska Whistleblower Act had been decided as well, and litigating it again in state court was barred by the doctrine of issue preclusion.

---

[6] *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018) (quoting *Bachner Co. v. State*, 387 P.3d 16, 20 (Alaska 2016)).

[7] *Renwick v. State, Bd. of Marine Pilots*, 971 P.2d 631, 633 (Alaska 1999).

[8] *See Alaska Wildlife All. v. State*, 74 P.3d 201, 206-07 (Alaska 2003) (explaining that when trial court does not explicitly state its reasons for dismissal, we attempt to discern its rationale "from the parties' motion papers" and subsequent orders).

The doctrine of issue preclusion[9] "precludes relitigation of a previously determined issue where the first action is brought in a federal court and a second action is brought in state court."[10] "The preclusive effect of a federal-court judgment is determined by federal common law."[11] For preclusion to apply, "the moving party must demonstrate that the party against whom preclusion is sought was a party to the prior action, or in privity with a party to the prior action."[12] Roseberry, the party against whom preclusion was sought, was a party to both actions, so this requirement is clearly satisfied.

Federal law also requires that the party asserting issue preclusion demonstrate that "the issue at stake was identical in both proceedings."[13] Four factors should be considered when determining whether the issues are identical:

> (1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

> (2) Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

> (3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected

---

[9] The phrases "issue preclusion" and "collateral estoppel" are interchangeable. *See, e.g.*, *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011). For the sake of consistency, we use "issue preclusion" throughout this opinion.

[10] *Sopcak v. N. Mountain Helicopter Servs.*, 924 P.2d 1006, 1008 (Alaska 1996).

[11] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

[12] *Mertens v. Black*, 948 F.2d 1105, 1106 (9th Cir. 1991).

[13] *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). The party asserting issue preclusion must also show that "(2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Id*. We do not discuss these elements today because the lack of identity of issues is decisive.

to have embraced the matter sought to be presented in the second?

(4) How closely related are the claims involved in the two proceedings?[14]

Factors (1), (3), and (4) are easily resolved in this case. Because the speech at issue in both the federal § 1983 claims and the Alaska Whistleblower Act claim is the same, there is "substantial overlap between the evidence or argument to be advanced" in the federal and state cases, and pretrial preparation and discovery would also be very similar if not the same.[15] The claims are also closely related because of their subject matter.[16]

Factor (2), "the application of the same rule of law," requires closer analysis. "Issues are not identical if the second action involves application of a different legal standard, even though the factual setting[s] of both suits [are] the same."[17] While both First Amendment claims and the Whistleblower Act require that speech must address a matter of public concern to qualify for protection, they employ different definitions of "matter of public concern."

---

[14]    *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828-29 (9th Cir. 2018) (quoting *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017)). Alaska preclusion law employs the same standard. *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 945 (Alaska 2019).

[15]    *See Sec. & Exch. Comm'n*, 906 F.3d at 829 (quoting *Howard*, 871 F.3d at 1041).

[16]    *See Reynaga v. Sun Studs, Inc.*, 97 F. App'x 729, 731 (9th Cir. 2004) (unpublished) (finding claims closely related when second claim was motivated by denial of relief in first claim); c*f. Loomis v. United States*, 642 F. Supp. 3d 1199, 1212-13 (D. Idaho 2022) (finding claims not closely related because they involved entirely different elements), *aff'd sub nom. Loomis v. U.S. Internal Revenue Serv.*, No. 22-36055, 2024 WL 2826226 (9th Cir. June 4, 2024).

[17]    *Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971) (per curiam).

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."[18] Whether speech addresses a matter of "legitimate public concern" is a threshold requirement for First Amendment protection,[19] and what it means has been developed through case law. A matter is of "public concern" if it is a "matter of political, social or other concern to the community";[20] however, "[w]here the subject of an employee's speech involves 'matters of personal concern' that are 'mere extensions' of a dispute with a supervisor, such speech is not of public importance."[21]

Under the Alaska Whistleblower Act, on the other hand, protected speech is defined by statute. The Act prevents a public employer from "discharg[ing], threaten[ing], or otherwise discriminat[ing] against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because . . . the employee . . . reports to a public body or is about to report to a public body a matter of public concern."[22] The Act expressly defines a "matter of public concern" as:

> (A) a violation of a state, federal, or municipal law, regulation, or ordinance;

---

[18] *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).

[19] *Wickwire v. State*, 725 P.2d 695, 699-700 (Alaska 1986) (analyzing public employee's free speech claim under First Amendment to U.S. Constitution).

[20] *Id.* (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)); *see also Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009) ("To address a matter of public concern, the content of the [public employees'] speech must involve 'issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government.' " (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983))).

[21] *Methvin v. Bartholomew*, 971 P.2d 151, 155 (Alaska 1998) (quoting *Wickwire*, 725 P.2d at 701).

[22] AS 39.90.100(a)(1).

(B) a danger to public health or safety;

(C) gross mismanagement, a substantial waste of funds, or a clear abuse of authority;

(D) a matter accepted for investigation by the office of the ombudsman under AS 24.55.100 or 24.55.320; or

(E) interference or any failure to cooperate with an audit or other matter within the authority of Legislative Budget and Audit Committee.[23]

The definitional differences are important. For example, an employee's allegation that her employer violated a state statute or regulation may be deemed under federal law to be a "mere extension[]" of an employment dispute, of no "political, social or other concern to the community," and thus not entitled to First Amendment protection.[24] But the Alaska Legislature has determined that a public employer's violation of state law or "clear abuse of authority" is a "matter of public concern" for purposes of the Alaska Whistleblower Act if the employee is reporting it, or about to report it, to a public body.[25]

Roseberry made just such allegations in the complaint she filed in this case:

> Plaintiff Emily Roseberry affirms, and states, that the North Slope Borough School District's Board of Education violated the Whistleblower Act when it allowed Superintendent Pauline Harvey to discharge her for speaking on matters of public concern to Alaska's Professional Teaching Practices Commission related to Harvey's violation of Qargi's Charter Contract and Alaska Statutes.

---

[23]    AS 39.90.140(3).

[24]    *See Methvin*, 971 P.2d at 155.

[25]    *See* AS 39.90.140(3); AS 39.90.100(a)(1).

Elsewhere in her complaint Roseberry identified a regulation she claimed was violated and which formed the basis of her several complaints to the Professional Teaching Practices Commission:

> In Roseberry's December 2, 2020 PTPC complaint, she addressed the fact that Superintendent Harvey had presented false and malicious statements to the school board in violation of the teaching code of ethics, as laid out in 20 AAC 10.020(d)(10). In the PTPC complaint Roseberry specifically referenced her November 18, 2020 and December 2, 2020 letters, and stated that she feared retaliation over her letters from Superintendent Harvey.

And the complaint's description of the referenced November 18, 2020 letter also cites an alleged violation of law: "The public concern at issue was the Superintendent Harvey's illegal attempt to take over the Qargi Academy, in clear violation of Alaska Statute § 14.03.255(a)(2)."

"In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the complaint as true."[26] Roseberry plainly alleged that she reported to the Alaska Professional Teaching Practices Commission, a public body,[27] violations of "Alaska Statutes" and a regulation, 20 AAC 10.020(d)(10), as well as, at least inferentially, a "clear violation of" AS 14.03.255(a)(2). These allegations satisfy the statutory requirements for a state-law whistleblower claim: a report to a public body of "a matter of public concern," specifically "a violation of a state . . . law [or] regulation."[28] Liberally construed, the

---

[26] *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018) (quoting *Bachner Co. v. State*, 387 P.3d 16, 20 (Alaska 2016)).

[27] The Whistleblower Act defines "public body" to include an "agency of . . . the state." AS 39.90.140(4)(B). The Professional Teaching Practices Commission was created by statute, AS 14.20.380; its regulations and proceedings are subject to the Administrative Procedure Act, AS 44.62. AS 14.20.475.

[28] AS 39.90.100(a)(1); AS 39.90.140(3)(A).

complaint's allegations could also satisfy the statutory definition of "matter of public concern" as alleging "gross mismanagement . . . or a clear abuse of authority."[29]

The District contends, however, that we have "repeatedly held . . . that 'matters of public concern' under the First Amendment and the Alaska Whistleblower Act are the same." To support this assertion the District cites two cases: *Thomas v. State*[30] and *Methvin v. Bartholomew*.[31] In *Thomas* an employee filed an ethics complaint against his employer and was subsequently terminated from his position as a seafood inspector.[32] We considered whether it was error to dismiss Thomas's whistleblower claim because it "had the same factual basis as the First Amendment claim that was presented to the jury and decided against him."[33] We noted that "[t]he 'protected activity' that Thomas alleged as a necessary element of the whistleblower claim was the same activity that he alleged as a necessary element of the First Amendment claim: his report of the director's alleged ethics violation."[34] But although we ruled that his whistleblower claim had been properly dismissed, it was not because the substance of the ethics complaint was the same in both cases (though it was), but rather because the jury specifically found that the filing of the ethics complaint was not "a substantial or motivating factor" in his termination.[35] There was

---

[29]   AS 39.90.140(3)(C).

[30]   377 P.3d 939 (Alaska 2016).

[31]   971 P.2d 151 (Alaska 1998).

[32]   *Thomas*, 377 P.3d at 943-45.

[33]   *Id.* at 949-50.

[34]   *Id.* at 949.

[35]   *Id.* An essential element of a Whistleblower Act claim is that the protected activity had been "a 'substantial' or 'motivating factor' " in the adverse employment decision. *Id.* (quoting *Okpik v. City of Barrow*, 230 P.3d 672, 678 (Alaska 2010)).

no question raised in *Thomas* as to whether his ethics complaint involved a "matter of public concern" for purposes of his First Amendment claim, his whistleblower claim, or both.

The District's reliance on *Methvin* is also misplaced. Methvin was terminated from his state employment after having written to the governor with complaints about his manager, and he relied on this letter in asserting both First Amendment and Alaska Whistleblower Act claims.[36] In his briefing, however, Methvin did not argue that the content of his letter to the governor qualified as a "matter of public concern" as defined by the Whistlebower Act, distinct from a matter of public concern for First Amendment purposes, and we did not address the statutory standard in deciding the case. In contrast to Methvin's letter to the governor, Roseberry's complaints to the Professional Teaching Practices Commission contained specific allegations that Harvey violated the Academy's Charter Contract and Alaska Statutes, violations of state law that are statutorily defined as matters of public concern under the Alaska Whistleblower Act.

Because matters of public concern under the First Amendment and the Alaska Whistleblower Act are different, Roseberry's whistleblower claim is not barred by issue preclusion. We therefore reverse the superior court's dismissal of this claim and remand for further proceedings on its merits.

## B. Roseberry's Additional State-Law Claims Are Not Barred By Claim Preclusion.

The complaint Roseberry filed in state court included not just the Alaska Whistleblower Act claim that the federal court had dismissed without prejudice, but also state-law claims she had not alleged in federal court: intentional interference with contractual relations, negligent supervision, and defamation. The District argued in its

---

[36]     *Methvin*, 971 P.2d at 153-54.

motion to dismiss that these claims were barred by the res judicata doctrine because although they were not raised in the federal case, they could have been. The superior court presumably adopted this argument in dismissing the claims.[37]

The res judicata doctrine — otherwise known as claim preclusion — "bars litigation . . . of any claims that were raised *or could have been raised* in the prior action."[38] As with issue preclusion, discussed above, "[t]he preclusive effect of a federal-court judgment is determined by federal common law."[39]

For claim preclusion to apply under federal law, there must be "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."[40] Both the Ninth Circuit and Alaska's courts follow the principles of claim preclusion of the Restatement (Second) of Judgments.[41] The Restatement provides that generally,

---

[37]     *See Alaska Wildlife All. v. State*, 74 P.3d 201, 206-07 (Alaska 2003).

[38]     *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)); *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392, 397 (Alaska 2021) ("If the res judicata doctrine applies, 'it precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then.' " (quoting *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013))).

[39]     *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

[40]     *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). Under Alaska law, the elements for claim preclusion are the same. *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010) ("A judgment is given res judicata effect by this court when it is (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action.").

[41]     *See, e.g.*, *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir. 2022) (applying principles outlined in RESTATEMENT (SECOND) OF JUDGMENTS § 24 (AM. L. INST. 1982)); *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi*

when a plaintiff brings a claim under federal law that also has support in a state-law theory, that omitted state-law claim cannot be raised in a subsequent state action.[42]

Federal- and state-law claims are often brought together, and federal courts can hear both in the exercise of their pendent or supplemental jurisdiction. As the United States Supreme Court explained in *United Mine Workers of America v. Gibbs*, a federal district court with subject matter jurisdiction over a federal claim has the power to hear and decide state-law claims if the federal-law and state-law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding."[43] But with that power comes the "discretion to decline to exercise that power."[44] Applying *Gibbs* a few decades later in *Carnegie-Mellon University v. Cohill*, the Court explained that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving

---

*Overseas, LLC*, 946 F.3d 542, 545-46 (9th Cir. 2019) (applying principles outlined in RESTATEMENT (SECOND) OF JUDGMENTS § 26 (AM. L. INST. 1982)); *see also* RESTATEMENT (SECOND) OF JUDGMENTS 3.2.D Intro. Note (AM. L. INST. 1982) (explaining that "merger" and "bar," terms employed by Restatement sections 18-20 and 24-26, are also referred to as "claim preclusion"). Alaska generally follows the same authority. *See, e.g.*, *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 167-68 (Alaska 1997) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 25, cmt. c (AM. L. INST. 1982)); *Sykes v. Lawless*, 474 P.3d 636, 642-43 (Alaska 2020) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 (AM. L. INST. 1982)).

[42] RESTATEMENT (SECOND) OF JUDGMENTS § 25 cmt. e (AM. L. INST. 1982).

[43] 383 U.S. 715, 725 (1966).

[44] *Ram Tech. Servs., Inc. v. Koresko*, 208 P.3d 950, 954 (Or. 2009) (citing *Gibbs*, 383 U.S. at 726).

pendent state-law claims."[45] "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out . . . in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."[46]

Congress effectively codified these principles in 1990 with the adoption of 28 U.S.C. § 1367, providing that federal courts can decline to exercise supplemental jurisdiction over related state-law claims in four specified circumstances.[47] These are when

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[48]

In interpreting the third of these circumstances, "the federal courts have followed the general rule set out in *Gibbs* and *Carnegie-Mellon*; . . . when federal district courts have dismissed before trial the federal claims that gave rise to federal question jurisdiction, the courts generally have not exercised supplemental jurisdiction over any

---

[45]     484 U.S. 343, 350 (1988).

[46]     *Id.* The Court in *Carnegie-Mellon* decided that once a federal court has determined that it "would be inappropriate" to retain jurisdiction over pendent state claims, its discretion includes not only dismissing the case without prejudice but also, as an alternative, remanding the case to state court. *Id.* at 351, 357.

[47]     *Ram Tech. Servs., Inc.*, 208 P.3d at 954-55.

[48]     28 U.S.C. § 1367(c).

pendent state claims."[49]   A dismissal of federal claims before trial thus supports an assumption that the federal court would have declined to hear pendent state claims that were not actually raised.

This assumption gives rise to an exception to claim-preclusion doctrine, which is also set out in comment e to the Restatement (Second) of Judgments, § 25. State-law claims that were not raised in federal court, but that the federal court probably would have declined to hear, may be raised in a later state-court action:

> A given claim may find support in theories or grounds arising from both state and federal law.  When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground.  If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.[50]

An accompanying illustration posits an antitrust case that goes to trial in federal court, after which the plaintiffs "commence an action for damages . . . in a state court under the state antitrust law grounded upon substantially the same business dealings as had been alleged in the federal action."[51]  The illustration concludes that "unless it is clear

---

**49**    *Ram Tech. Servs., Inc.*, 208 P.3d at 955 (citing 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567.3, at 428-31 (3d ed. 2008)).

**50**    RESTATEMENT (SECOND) OF JUDGMENTS § 25 cmt. e (AM. L.  INST. 1982).

**51**    *Id.* § 25 cmt. e, illus. 10.

that the federal court would have declined as a matter of discretion to exercise [supplemental] jurisdiction (for example, because the federal claim, though substantial, was dismissed in advance of trial), the state action is barred."[52]

Other state courts have employed this Restatement exception when considering the preclusive effect of a dismissed federal action on a subsequent state-court claim. The Oregon Supreme Court, in *Ram Technical Services, Inc. v. Koresko*, aptly described the rationale for allowing a state-law claim to be raised for the first time in state court following the dismissal of a related federal action: "[W]e see no reason why claim preclusion should apply when it is clear that the district court would have declined to exercise supplemental jurisdiction over any state-law claims that plaintiffs could have asserted."[53] The court explained:

> Barring plaintiffs from litigating their state law claims in that circumstance does not advance the principles of judicial economy that underlie the doctrine of claim preclusion. Rather, it disserves those principles by denying plaintiffs any forum in which to vindicate their state rights.[54]

Similarly, the Idaho Supreme Court in *Puckett v. City of Emmett*, relying on *Gibbs* and Ninth Circuit precedent, held that although the state-law claim at issue was never raised in federal court, even if it had been "the [federal] court in a proper exercise of discretion would have dismissed Puckett's state law claim along with his federal question cause of action."[55] The state-law claim was therefore not precluded despite having never been raised in federal court.[56]

---

[52]  *Id.*

[53]  208 P.3d 950, 956 (Or. 2009).

[54]  *Id.*

[55]  747 P.2d 48, 54-55 (Idaho 1987) (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)).

[56]  *Id.*

We follow these cases and the Restatement exception. We hold that where federal claims are dismissed before trial and the record clearly shows that the federal district court would have declined to exercise supplemental jurisdiction over omitted state-law claims, the doctrine of claim preclusion does not prevent the plaintiff from later asserting those state-law claims in state court. The contrary rule would "not advance the principles of judicial economy that underlie the doctrine of claim preclusion" and would "deny[] plaintiffs any forum in which to vindicate their state rights."[57]

Employing the rule here, we conclude that the state-law claims Roseberry failed to raise in her federal action — intentional interference with contractual relations, negligent supervision, and defamation — were not subject to claim preclusion. When deciding what the federal district court likely *would have done* with those claims, its treatment of the Whistleblower Act claim is instructive. Granting the motion to dismiss Roseberry's § 1983 federal claims, the court stated explicitly that it was "declin[ing] supplemental jurisdiction over [Roseberry]'s state law whistleblower claims." There is nothing in the record to suggest the federal court would have reached this conclusion and exercised supplemental jurisdiction over different state-law claims, all of which derived from the same nucleus of operative fact and could be expected to be litigated together.[58] The federal claims were dismissed on a Rule 12(b)(6) motion, meaning that there had been little factual development and no reason to think that the court would have felt particularly invested in other state-law claims, had they been brought, and would have wanted to see them through.[59]

---

[57] *Ram Tech. Servs.*, 208 P.3d at 956.

[58] *See Gibbs*, 383 U.S. at 725.

[59] *See Puckett*, 747 P.2d at 54 (noting "main proviso . . . that where substantial judicial time and resources have been spent on the state claims, jurisdiction

Because we conclude that the federal district court, having dismissed Roseberry's federal claims on a motion to dismiss, would likely have declined to exercise supplemental jurisdiction over any state-law claims, Roseberry was not barred by the claim-preclusion doctrine from later bringing those claims in state court. We therefore reverse the superior court's dismissal of Roseberry's state-law claims and remand for further proceedings on their merits.

V.   **CONCLUSION**

The superior court's grant of the motion to dismiss is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

over them will be retained even if the federal cause of action is dismissed upon summary judgment").